THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LAVON LOGAN, Defendant-Appellant.
Fourth District   No. 13946

Opinion filed June 20, 1977.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Robert C. Perry and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The petitioner, Lavon Logan, was convicted of the offense of armed robbery after a jury trial and, on November 20, 1972, was sentenced to a term of not less than 15 nor more than 30 years in the penitentiary. In his direct appeal to this court, the petitioner contended that his motion for a

new trial should have been granted because there was newly discovered evidence that a State witness, Ronald Holt, had given perjured testimony. Holt was not available to testify at the hearing on the post-trial motion. This court affirmed the conviction, holding that the suggestion that Holt testified falsely was pure hearsay because Holt was not available and that the evidence of perjury "was not of such a conclusive character that it would probably change the result if a new trial was granted * * *." *People v. Logan*, (4th Dist. 1974), 24 Ill. App. 3d 678, 320 N.E.2d 490 (abstract).

On August 29, 1974, the petitioner filed a post-conviction petition in the circuit court. The issue of Holt's perjury was among the allegations of error raised in that petition. The petition alleged that Holt had been located in Burbank, California, and could be returned to Adams County to testify. The petition requested that the court secure the attendance of Holt for the post-conviction evidentiary hearing. An affidavit of the petitioner's then counsel, John T. Inghram, IV, was attached to the petition. This affidavit alleged that Inghram telephoned Holt on October 18, 1974, at his residence in Burbank, California. Holt, according to the affidavit, informed Inghram that he was aware of the substance of his testimony at the trial and that such testimony was false, the truth being that Holt had no recollection of the petitioner coming to his house on the night of the robbery or making alleged statements attributed to the petitioner, nor had Holt ever seen the defendant with a gun or money.

At the hearing on the State's motion to dismiss the post-conviction petition, held on November 1, 1974, the trial judge stated that he had reviewed his notes of the trial and had found that Holt's testimony was "a very strong and a very substantial part of the State's case." The judge therefore found that the allegation of Holt's perjury was properly raised in the post-conviction petition and he added that if the perjury was proven he would reverse the conviction and grant a new trial. However, the court ultimately dismissed the post-conviction petition without a hearing, holding that Inghram's affidavit regarding the alleged conversation with Holt was hearsay and was therefore not sufficient to show facts which would support the allegation of perjury. The court indicated that there would have to be a direct communication from Holt before the allegation would be sufficient to require a hearing. The court further indicated that this communication would not have to be in the form of an affidavit, and ruled that it would grant the petitioner leave of court to file an amended petition regarding the allegations of Mr. Holt's perjury within 120 days. The trial court also assured the petitioner that any necessary extensions of time would be granted.

An amended post-conviction petition was not filed within the 120-day period, nor was any extension of time requested. However, an appeal was

taken from the order dismissing the post-conviction petition, and this court, after considering the issue of whether the sentencing proceeding had been constitutional, the only issue raised by the petitioner in that appeal, affirmed the trial court's order dismissing the petition. *People v. Logan* (4th Dist. 1976), 39 Ill. App. 3d 656, 350 N.E.2d 40.

On November 17, 1975, a letter sent by the petitioner to the trial judge, along with a letter from Holt, was filed of record. The letter from Logan reminded the trial judge that a post-conviction petition had been dismissed because there was no direct evidence that Holt had lied. The petitioner's letter also requested the appointment of counsel by the circuit court. A second letter, filed on December 22, 1975, was sent by the petitioner to the circuit court again requesting the appointment of counsel to adjudicate the issue of Holt's perjury.

On February 5, 1976, the petitioner filed a pro se petition for relief from judgment pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). This petition was accompanied by a formal request for appointment of Andrew C. Schnack, Jr., as counsel in the matter along with an attached letter from Schnack indicating his willingness to act as counsel upon appointment. The petition was supported by the petitioner's affidavit and by various exhibits in support of the allegations presented, as well as by a memorandum of law.

The section 72 petition alleged that the prosecution had, in violation of the petitioner's constitutional right to due process of law, knowingly used the perjured testimony of Holt in order to obtain the petitioner's conviction and that there was new evidence that Holt had been induced to testify by threats and promises made by the prosecution. The petition further alleged that, while the original post-conviction proceeding was pending, Inghram had sent an affidavit to Holt with a request that he sign the affidavit. A letter from Inghram and a copy of that affidavit was attached as exhibits.

The new evidence of Holt's perjury was a letter from Holt sent to the petitioner's appellate counsel, Richard E. Cunningham. A copy of Holt's letter was attached to the petition, along with a letter sent by Cunningham to the petitioner. The letter from Holt, written over Holt's signature, stated in full:

> "My name is Ronald Holt, I am writing you about the case of Lavon L. Logan who is in Menard. Anyway I am on probation from Quincy, Ill., and I had to testify against Lavon for the armed robbery charge of the State Theatre in Quincy. What I want to know is if I sign those papers he sent me what can Ill. do to me, I talked to his other attorney in Quincy last year and I told him I was on probation till [*sic*] Oct. 9, 1975 and also didn't want to sign those papers and be brought to Ill. because they would send me to the

Pen and that's why I testified against him in the first place, and he told me that he would check on statute of limitation [*sic*] and have Lavon wait another year before filing his case, but I haven't heard from him since so I would like to find out first because there is no way I'm going to jail, I want to be sure of that. The police pulled me in a year after the robbery and when they talked to me I was under heavy strain my head was messed up, I had a car accident and was taking nerve pills, and my sister was in the hospital dying of cancer. She died three or four days later. I also had been doing alot [*sic*] of drinking and the police knew it so they said if I didn't tell them that they knew some things on me. Det. Capps said that and they were also asking about a murder case I didn't no [*sic*] anything about that happened in 1968 and I was in Calif. So I said I seen a gun and he said I hit a place just to get out of there. I want to sign those papers [affidavit] but I'm scared they will bring me back there. So would [*sic*] let me know what's happening."

The section 72 petition concluded with a request for an evidentiary hearing so that the petitioner would have an opportunity to prove the alleged perjury. On March 5, 1976, the State filed a motion to dismiss the petition on the grounds that it was not filed timely since it was filed more than two years after the judgment of conviction and there was no proof that the State had fraudulently concealed the alleged perjury; that the petition did not indicate the method by which the alleged perjury would be proven in an evidentiary hearing; and, that the petitioner had been granted 120 days in which to file an amended post-conviction petition with respect to the perjury issue and had failed to pursue this remedy.

On March 11, 1976, the trial court dismissed the section 72 petition, without a hearing, on the ground that section 72 is not available as a remedy when more than two years have passed since the judgment under attack. From this order of dismissal the petitioner appeals.

■■ Although this court recognizes that section 72 provides a remedy available in criminal cases (see *People v. Heidelberg* (3d Dist. 1975), 33 Ill. App. 3d 574, 338 N.E.2d 56), where the petition to vacate a judgment pursuant to section 72 is filed beyond two years after the judgment was entered, the section 72 motion can not be considered. (*Withers v. People* (1961), 23 Ill. 2d 131, 177 N.E.2d 203.) However, the courts are not to strictly consider a pro se petition to be what its title designates it, but the petition ought to be construed so as to enable the petitioner to present his issues to the court. See *People ex rel. Palmer v. Twomey* (1973), 53 Ill. 2d 479, 292 N.E.2d 379.

■■ The petitioner, now represented by appellate counsel, contends that the trial court should have considered his section 72 petition to be an amendment to his earlier post-conviction motion. We disagree. Once the

defendant appealed the dismissal of the post-conviction petition, jurisdiction was wrested from the trial court and no amendment to the motion could subsequently be considered by the trial court. Furthermore, since the only issue argued on appeal from the dismissal of the post-conviction motion was the propriety of the petitioner's sentence and since all issues known to a defendant or the defendant's counsel are waived if not raised on appeal (see *People v. Collins* (1968), 39 Ill. 2d 286, 235 N.E.2d 570), the petitioner has waived the "perjury" issue originally raised in his post-conviction motion.

Accordingly the order of the Circuit Court of Adams County dismissing the petition is affirmed.

Affirmed.

STENGEL, P. J., and ALLOY, J., concur.