(No. 50032

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LAVON LOGAN, Appellant.

*Opinion filed September 19, 1978.*

Richard J. Wilson, Deputy Defender, and Richard E. Cunningham, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

William J. Scott, Attorney General, of Springfield, and Robert J. Bier, State's Attorney, of Quincy (Donald B. Mackay, Melbourne A. Noel, Jr., and Michael I. Santow, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from the judgment of the appellate court (49 Ill. App. 3d 787), affirming the trial court's dismissal of a petition filed by defendant, Lavon Logan, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72).

In September of 1972, defendant was tried by a jury

for the armed robbery of a theater in Quincy. In its case in chief, the prosecution presented three witnesses. The cashier on duty at the theater described the details of the robbery but could not identify defendant as the robber. Another witness, who had known the defendant for 14 years, observed him running out of an alley near the theater, carrying a gun. He observed defendant for about one minute, after which time defendant disappeared near an old church building on Seventh Street. The third witness, Ronald Holt, lived on Seventh Street directly north of the church building. He testified that defendant came to his house on the night in question, told him that he had just "hit a place," and asked Holt if he could hide his gun in the apartment. Holt refused, at which time defendant and defendant's brother, who had come into the apartment a few minutes after the defendant, left through a back door.

The jury found defendant guilty of armed robbery on September 12, 1972. Defendant filed a timely post-trial motion, alleging numerous errors, in which he requested that his conviction be set aside or in the alternative that he be granted a new trial. The motion was heard and denied on October 5, 1972.

On October 17, 1972, defendant filed a *pro se* motion to amend and supplement his previous post-trial motion on the basis of newly discovered evidence that Ronald Holt had perjured himself at defendant's trial. The motion was filed beyond the 30-day limit prescribed by law (Ill. Rev. Stat. 1973, ch. 38, par. 116–1), but, because of the nature of the allegations in the petition, an evidentiary hearing was held on the matter. At the hearing, several witnesses testified that Holt had come to the jail and yelled to the jail window from his car. Logan testified that Holt, who was on probation at the time, said that he had been to Logan's attorney's office and that he would testify that he had been pressured into lying at his trial. Evidence

adduced from several other witnesses seemed to support defendant's allegations about Holt's statement, although Logan's attorney stated that Holt had been to his office to discuss his (Holt's) probation, but he had no knowledge of any other attempts by Holt to contact his office. Holt did not testify at the hearing, apparently because he was in California at the time. The court found that perjury had not been proved, and denied defendant's motion for post-trial relief.

The perjury issue was included in defendant's appeal from his robbery conviction to the Fourth District Appellate Court. The court affirmed the conviction in its entirety. (*People v. Logan* (1974), 24 Ill. App. 3d 678.) Regarding the perjury issue, the court noted that the "so-called newly discovered evidence was not of such a conclusive character that it would probably change the result if a new trial was granted, nor does it appear that it was discovered after the trial, nor does it appear that it might not have been discovered if true before the trial, and lastly it goes only to the credibility of a witness rather than to the question of the innocence or guilt of this defendant." 24 Ill. App. 3d 678 (abstract).

In August 1974 defendant filed a petition for a post-conviction hearing raising, *inter alia,* the issue of Holt's perjury. The petition was amended in October 1974. The amended petition alleged that defendant's counsel, John T. Inghram IV, had been in touch with Holt by phone, and that Holt had admitted that he had lied at defendant's trial. An affidavit, sworn to by Inghram, was attached to the amended petition, in which Inghram alleged that Holt had told him that he could not remember if defendant had been to his apartment on the night in question and that defendant had not said he had "hit a place," nor had he seen defendant with a gun. Defendant alleged that Holt was residing in Burbank, California, and included a request that the trial court issue a certificate to

secure his attendance at a post-conviction hearing under the Uniform Act to secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings (the Uniform Act). See Ill. Rev. Stat. 1973, ch. 38, par. 156—3.

A hearing on the State's motion to dismiss the petition was held on November 1, 1974. The judge stated that the testimony of Holt was a significant part of the State's case and, if proved, would necessitate the granting of a new trial. He ultimately decided, however, that the representations presented by defendant were not enough to prove the perjury and were not sufficient to compel the attendance of Holt under the Uniform Act, and he dismissed the petition without a hearing. In this connection, he gave the defendant 120 days to amend the petition by presenting more conclusive evidence of perjury, and indicated that an affidavit from Holt, or a phone conversation in which it could be clearly shown that Holt was the party talking, or anything else in the way of a direct communication to the court, would be acceptable. The judge also informed the defendant that, if necessary, he would grant extensions beyond the 120-day limit prescribed by his prospective order. It should be noted that section 122—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 122—5) authorizes the court, before the entry of judgment on the post-conviction petition, to grant leave to withdraw the petition.

Defendant did not amend the post-conviction petition, nor did he seek any extensions to the 120-day period. Also, he did not ask leave to withdraw the petition. The petition was dismissed and defendant appealed from the court's dismissal of the post-conviction petition. In his appeal, he raised only the validity of his sentence, and failed to include any issue regarding Holt's perjury. The appellate court affirmed the sentence, with one justice

dissenting. *People v. Logan* (1976), 39 Ill. App. 3d 656.

On November 17, 1975, defendant wrote a letter to the trial judge. The letter, which reminded the judge that he had dismissed the post-conviction petition because no direct evidence was available regarding Holt's perjury, was sent along with a letter from Holt. Holt's letter was addressed to defendant's recently appointed counsel, Richard Cunningham, and was dated July 30, 1975. Holt's letter indicated that when he first talked to police investigators, a year after the robbery, he was under a great deal of emotional strain due to the fact that his sister was dying of cancer. He stated that at the time of his discussion with the police he had just had a car accident and had been taking drugs. He further stated that he had been drinking heavily "and the police knew it so they said if [he] didn't tell them that they knew some things on [him]." The letter concluded, "So I said I seen a gun and he said I hit a place just to get out of there."

Holt's letter was originally sent to attorney Cunning-ham · in response to a request from defendant's former attorney, John Inghram IV, that Holt sign an affidavit stating that he had perjured himself at defendant's trial. When Holt had discussed the matter with Inghram by phone in 1974, he had expressed concern over the possibility of having his probation revoked, as well as being subject to criminal charges for perjury in this State. Holt did not hear from Inghram after this, but he received the affidavit and request for his signature sometime in the spring of 1975. Upon receiving the affidavit, he wrote to defendant's new counsel in order to find out what could be done to him if he signed it.

While his appeal from the dismissal of his amended post-conviction petition was pending, defendant filed *pro se* an action pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). The gist of the section 72 petition, filed on February 6, 1976, was that

the letter from Holt constituted new evidence of perjury. The petition alleged that the perjured testimony was induced by threats on behalf of the prosecution and that the prosecution had knowingly and willfully used such testimony in contravention of defendant's right to due process of law. The petition, which was supplemented by a copy of the aforementioned letter from Holt, included a request for an evidentiary hearing in order that the defendant would have an opportunity to prove the alleged perjury.

The trial court dismissed the section 72 petition without a hearing on the ground that it was not filed within 2 years of the judgment under attack as prescribed by the statute (Ill. Rev. Stat. 1975, ch. 110, par 72). The appellate court affirmed the trial court's judgment. Shortly after the decision was filed, defendant received an affidavit signed by Holt in which Holt stated that his perjured testimony at the trial was knowingly and purposefully used by the State. Defendant included the affidavit in his petition for rehearing, which was denied. We granted defendant leave to appeal.

The appellate court declined to consider defendant's petition as properly within the ambit of section 72 because it was filed outside the 2-year period prescribed by the statute (Ill. Rev. Stat. 1975, ch. 110, par. 72). Rather, the court construed the *pro se* petition as an amended petition for post-conviction relief, so as to enable defendant to present his issues to the court. (See *People ex rel. Palmer v. Twomey* (1973), 53 Ill. 2d 479.) The appellate court held that defendant waived the issue of perjured testimony as a basis for post-conviction relief by failing to include it in his appeal from the trial court's dismissal of his initial post-conviction petition. 49 Ill. App. 3d 787, 790-91.

The question, properly framed, is whether under the alleged unusual circumstances of this case, defendant should be afforded an opportunity to amend his petition

for post-conviction relief at this stage of the proceedings. We think not. We agree with the appellate court that this issue had been litigated in the original post-conviction petition and had been denied. The failure to include this issue in the appeal taken from that denial did not preserve the issue so that it could be raised again in another post-conviction petition. If defendant thought that additional time was required to gather further evidence of the perjury, or to make the necessary showing to the court to obtain an order requiring Holt's appearance under the Uniform Act, defendant could have obtained further continuances, which the court stated that it would make, or defendant could have withdrawn the petition under the statute and filed it again when the necessary proof was obtainable. This he did not do, but he permitted his petition to be dismissed, and the dismissal was affirmed on appeal.

Defendant's petition for leave to appeal was granted because of the concern of this court that defendant may possibly have been convicted through the use of perjured testimony. Upon reviewing the entire record, however, it is quite apparent that defendant has been given every opportunity to present the question of perjury to the court, and this question has, in fact, been litigated twice—first in an evidentiary hearing on the amended post-trial motion, the denial of which, as noted earlier, was affirmed in the appellate court (24 Ill. App. 3d 678), and again in the post-conviction-hearing petition, the dismissal of which was appealed and affirmed (39 Ill. App. 3d 656).

Not only has defendant had these two opportunities to specifically litigate the perjury issue, but also he had several opportunities to raise it during the trial, but failed to do so. It is farcical to contend that defendant did not know that Holt committed perjury until Holt yelled from the parking lot to defendant in the county jail, following defendant's conviction, that he had been pressured into

lying at the trial. If defendant had not told Holt that he had "hit a place" and if defendant had not appeared at Holt's apartment with a gun asking him to conceal it, defendant would have known of the perjury as soon as Holt made these statements in the courtroom. Yet, he never told his counsel of the perjury at any time during the trial. He never told his counsel of the perjury at any time after the trial. He permitted his counsel to file the post-trial motion without mentioning the perjury. Following the denial of counsel's motion defendant, without communicating with his attorney concerning the perjury, prepared and filed a *pro se* amended post-trial motion in which, for the first time, Holt's perjury was mentioned and in which, for the first time, he conveyed to his counsel information concerning the perjury.

This defendant is not a novice. The record reflects several previous convictions, including another conviction for armed robbery, for which defendant had not as yet been sentenced at the time of his trial in this case. He is quite knowledgeable in the area of criminal law and demonstrated this knowledge during his trial. Prior to trial he filed several *pro se* motions which the court considered before impaneling the jury. At the close of the People's case, defendant made a *pro se* motion for a continuance in order to subpoena records concerning Holt and another witness, Bailey, to check for possible felony convictions of these witnesses. Defendant personally argued the motion. He told the court that Holt had stated that he did not want to testify, and he was under the impression that Holt was not going to testify. He told the court that Holt had told him that he had been pressured into signing a statement. When the court denied the motion for a continuance it asked defendant if there was anything else he wanted to say. Defendant did not, in response to that invitation, or at any time while addressing the court, as much as intimate that Holt had testified falsely. Although

he had complained that Holt had said that he had been pressured into making a statement, defendant never suggested to the court that Holt had perjured himself on the stand.

Again, at the hearing on the original post-trial motion, defendant was given an opportunity to address the court. He complained only that the State had neglected to inform him or his counsel before trial that Holt had a criminal record. Again the court asked if there was anything further he would like to bring to the court's attention, and he answered, "No." Thus, he again failed to mention perjury, which he would have obviously been aware of if Holt had, in fact, lied. Following the denial of this motion, as previously noted, within a few days defendant filed his post-trial motion for the first time alleging perjury. Because of the nature of the allegations, the court strained the procedural rules to accommodate defendant. Although this motion was filed more than 30 days following defendant's conviction, and although the original post-trial motion had been considered by the court and denied, the court considered the *pro se* motion an amendment to the post-trial motion, conducted an evidentiary hearing, and denied the same, which was followed by the appeal, noted previously.

However, following the denial of the *pro se* motion when the matter again came on for hearing to consider reports filed in connection with the presentence hearing, the court noted that defendant had filed still another motion to vacate and set aside his conviction. The court had commented on the many *pro se* motions both before and during trial that had been filed by defendant. Upon noting this latest motion, the court was prompted to comment, "As far as this court is concerned there has to be an end to this mickey-mousing around and that end has arrived this morning."

Defendant has likened his position to that which

prompted Mr. Justice Rutledge, in *Marino v. Ragen* (1947), 332 U.S. 561, 570, 92 L. Ed. 170, 176, 68 S. Ct. 240, 245, when considering the opportunity to present constitutional issues to the court under then Illinois law, to comment: "This opportunity is not adequate so long as they are required to ride the Illinois merry-go-round of *habeas corpus, coram nobis,* and writ of error before getting a hearing \*\*\*." We do not see the similarity. The procedure was available through which the perjury issue could have been, and in fact was, presented to the court. The court made every effort to accommodate the defendant both at the post-trial-motion stage and during the argument of the post-conviction-hearing petition. Defendant simply failed to take advantage of the means offered.

Obviously, the alleged perjury was not newly discovered evidence. If Holt had in fact lied, the defendant would have been aware of it at the time Holt testified. We are therefore only concerned with whether defendant has had the opportunity to present the issue to the court and whether he has thus been afforded due process of law. For some reason he has not followed through with the opportunities that were presented to him, and now seeks again to litigate the issue in a piecemeal manner.

Proceedings under the Post-Conviction Hearing Act are not intended to be a device by which issues that could have been raised and considered on the original appeal of a conviction can again be considered or by which issues that have in fact been considered on appeal from the original conviction can be relitigated. (*People v. Ward* (1971), 48 Ill. 2d 117, 121.) The issue of perjury was raised by defendant in his amended post-trial motion, a hearing was held and the relief prayed for denied, and this was affirmed in the appellate court. However, defendant was permitted to again raise the perjury issue in his post-conviction-hearing petition, which the court dismissed, and the dismissal was likewise affirmed. The fact that defend-

ant did not raise the perjury issue on appeal from that dismissal does not preserve the issue to be raised again in still another post-conviction-hearing petition, or in an alleged amendment to the post-conviction petition. (*People v. Le May* (1969), 44 Ill. 2d 58, 60-61.) The Post-Conviction Hearing Act provides:

> "Any claim *** not raised in the original or an amended petition is waived." (Ill. Rev. Stat. 1975, ch. 38, par. 122–3.)

It was thus incumbent upon defendant to include in his original post-conviction petition all claims concerning his constitutional rights. The petition was dismissed, and on affirmance the judgment was final. Defendant cannot fragment the court's order by appealing only certain issues and preserving the other issues to be raised again at a later time. That part of the court's order not appealed became final. The court properly held that the next petition filed, allegedly under section 72 of the Civil Practice Act, was not timely; however, the appellate court, again attempting to accommodate defendant, considered it as a proposed amendment to the post-conviction petition and then properly denied it because the issue had been finally determined in the original post-conviction petition. This court noted in *People v. Polansky* (1968), 39 Ill. 2d 84, 86, that the granting to a defendant of one complete opportunity to show a substantial denial of his constitutional rights satisfies the fundamentals of due process.

We consider that in this case defendant has been fully accorded the fundamentals of due process of law, and we affirm the judgment of the appellate court.

*Judgment affirmed.*