THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH WAYNE FOSTER, Defendant-Appellant.

Fourth District No. 4—88—0310

Opinion filed January 26, 1989.

▌

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Larry R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and J.A.C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On August 11, 1987, defendant Kenneth Wayne Foster pleaded guilty to the charge of conspiracy to commit murder, in violation of section 8—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 8—2), and was subsequently sentenced to a term of five years' imprisonment. On March 15, 1988, defendant filed a *pro se* petition for post-conviction relief. The circuit court of Macon County dismissed the petition as "patently without merit," pursuant to section 122—2.1 of the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1). Defendant appeals. We affirm.

On November 15, 1988, defendant filed a 10-page handwritten post-conviction petition. Although the petition was filed *pro se*, it was written in great detail with numerous cases and statutory references for support. Defendant asserted violations of several of his constitutional rights. His primary allegation was that he was denied his right to effective assistance of counsel. The trial court examined the petition and the pertinent trial records. In its order, it determined the petition was based on conclusions and did not provide any facts to support the allegations. In addition, the allegations were contradicted by defendant's statements at the guilty plea hearing. After a review of the petition and the record, the trial court concluded the petition was patently without merit and should be dismissed.

On appeal, defendant argues this court should substantially restrict the "frivolous or patently without merit" standard used in the initial examination of a post-conviction petition, pursuant to section 122—2.1 of the Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1).

Defendant's arguments stem from the supreme court's holding in *People v. Free* (1988), 122 Ill. 2d 367, 522 N.E.2d 1184. In *Free*, the court said a second post-conviction petition was properly dismissed where the defendant had already had " 'one complete opportunity to show a substantial denial of his constitutional rights.' " (*Free*, 122 Ill. 2d at 376-77, 522 N.E.2d at 1188, quoting *People v. Logan* (1978), 72 Ill. 2d 358, 370, 381 N.E.2d 264, 270.) Defendant argues that in light of the court's ruling in *Free*, trial courts should be required to more carefully scrutinize a *pro se* petitioner's petition for post-conviction relief to avoid a forfeiture of valid constitutional claims by legally unsophisticated petitioners. He argues he has made a colorable claim of ineffective assistance of counsel and, therefore, the court should have appointed counsel to investigate the claim and to ensure defendant had an adequate opportunity to be heard in court.

■ Defendant's concern that the supreme court has substantially limited the ability of a *pro se* petitioner to present a valid claim of constitutional deprivation is unfounded. The court in *Free* indicated only that a petitioner did not have a "right" to a second post-conviction petition. This is not an "ironclad bar" to multiple post-conviction petitions, however, and subsequent petitions may be filed where " 'fundamental fairness' requires a court to allow a second petition. *People v. Hollins* (1972), 51 Ill. 2d 68, 70, 280 N.E.2d 710, 712." *People v. Carlisle* (1988), 174 Ill. App. 3d 454, 456, 528 N.E.2d 1029, 1030.

■ In the instant case, defendant's allegations were clearly communicated. The trial court could fairly examine the merits of the petition, in light of the record of the proceedings. It correctly determined the petition lacked the necessary merit for further consideration. We will not restrict the statutory prerogative of the trial courts to examine and summarily reject those petitions that are "patently without merit."

For the foregoing reasons, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

KNECHT and SPITZ, JJ., concur.