THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HERBERT LAWSON, Defendant-Appellant.

First District (4th Division)   No. 1—89—2241

Opinion filed May 30, 1991.

Randolph N. Stone, Public Defender, of Chicago (Elyse Krug Miller, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Janet C. Mahoney, Special Assistant State's Attorney, and Renee Goldfarb and Theodore Burtzos, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

In 1979, defendant Herbert Lawson was found guilty of murder and sentenced to 20 years' imprisonment. On direct appeal, this court in an unpublished order rejected defendant's claim that he should have been found guilty of involuntary manslaughter. Defendant then filed two petitions for post-conviction relief, the most recent of which is the subject of this appeal. The issue on appeal is whether the trial

court erred in dismissing defendant's most recent petition without conducting an evidentiary hearing.

A recitation of the procedural history of this case is necessary to an understanding and resolution of the issue. Following defendant's unsuccessful direct appeal (see *People v. Lawson* (1980), 90 Ill. App. 3d 1199), he filed a post-conviction petition alleging ineffective assistance of counsel. Prior to a ruling on the petition, defendant filed a motion for substitution of judges. The trial court denied the motion and dismissed the petition without an evidentiary hearing. On appeal, this court, in an unpublished order, reversed that portion of the trial court's order denying a substitution of judges and remanded the matter for further proceedings without addressing the merits of defendant's petition. On remand, the cause was transferred to a judge other than the one who had presided at defendant's trial, and appointed counsel filed an amended post-conviction petition alleging that defendant had been denied his right to effective assistance of counsel at his sentencing hearing. This allegation was based on trial counsel's alleged misapprehension of the better sentencing option available to defendant which resulted from the trial court's erroneous explanation of the sentencing options, which follows:

> "He has a right to be sentenced under the old code or under the new code. Just so he realizes that. Basically, the difference between them is, I could sentence you to 14 years under the old code, but as I read the act, after July 1, 1977 you'd have to do ten, six. [U]nder the new code it would be 20 years, in which he would do 10, and the main difference is the period of parole. Under the old code he'd have to do five years, under the new he'd only have to do three. We have discussed whether or not he will be sentenced under the old code or the new code, and as I stated before, under the new code I would give him 20 years flat, which means he'd serve one half of that time, unless you lose something because of your behavior. Under the old code I'd sentence him to 14, and as I read the act, [a]fter July 1, 1977, he'd have to do ten, six, a five-year period of parole. Under the new code it would only be three.
>
> MR. ADA [defense counsel]: He will be sentenced under the new code, your Honor."

The State filed a motion to dismiss this amended petition alleging that defendant failed to raise a constitutional question within the purview of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1983, ch. 38, par. 122–1 *et seq.*), and that the doctrines of *res judicata* and waiver were applicable given the affirmance on direct appeal. The trial court

granted the State's motion after determining that defendant had not set forth any basis for constitutional relief in his petition and that his allegation of incompetent trial counsel was unfounded.

Defendant appealed this order, claiming that the trial court erroneously dismissed his petition because it did state a constitutional claim of ineffective assistance of counsel. He based this claim on trial counsel's alleged misapprehension of the sentencing laws in effect at the time of his conviction, particularly the manner in which compensatory and good-time credits would affect his ultimate release date. Defendant reasoned that as a result of trial counsel's incompetence in this matter, he was severely prejudiced because he would be incarcerated for a longer period of time.

Before addressing the merits of defendant's petition, in an unpublished order, we rejected the State's waiver argument, finding that a strict application of the waiver rule would be inappropriate. (*People v. Lawson* (1988), 174 Ill. App. 3d 1155.) We affirmed the trial court's dismissal of defendant's petition without an evidentiary hearing, explaining that the trial court did not erroneously outline the potential periods of imprisonment, and defense counsel's suggestion to elect the determinate sentencing scheme as opposed to the indeterminate scheme was not unreasonable or sufficient to support a claim of ineffective assistance of counsel. We added that defendant failed to show that his attorney's representation fell below an objective standard of reasonableness where his claim was based on conjecture and hindsight.

Subsequently, defendant filed a second post-conviction petition for relief with an attached affidavit by his trial counsel. Defendant alleged that fundamental fairness required the trial court to relax the waiver rule because his first petition was defective where it was not accompanied by an affidavit. Defendant reiterated his prior allegations that he was denied effective assistance of counsel when his trial counsel advised him to elect a determinate rather than an indeterminate scheme. The trial court dismissed the petition, and defendant appeals.

■ Defendant argues that the trial court erred in refusing to relax the waiver rule under the doctrine of fundamental fairness. He reasons that the absence of his trial counsel's affidavit with the first post-conviction petition denied him one complete opportunity to adequately present his claim, and rendered that petition fundamentally deficient. We disagree and adopt the State's position that any further consideration of the issue of ineffective assistance of trial counsel during the sentencing hearing is barred by the doctrine of *res judicata*.

A ruling on a post-conviction petition has *res judicata* effect with respect to all claims that were raised or could have been raised in the initial petition. (*People v. Free* (1988), 122 Ill. 2d 367, 376, 522 N.E.2d 1184; see Ill. Rev. Stat. 1987, ch. 38, par. 122—3.) Although this rule is not "an ironclad bar on multiple post-conviction petitions, *** in those cases in which the court has allowed the filing of successive post-conviction petitions, the proceedings on the original petitions were deficient in some fundamental way." (*People v. Free*, 122 Ill. 2d at 376, 522 N.E.2d at 1188.) In the instant case, defendant suggests that his first post-conviction petition, which was a *pro se* petition, and the amended petition, which was prepared by appointed counsel, were fundamentally deficient because neither petition included an affidavit by his trial counsel.

■ We are not persuaded by this argument. In taking this position, we find guidance in the ruling that the mere fact that a post-conviction petition is *pro se* does not result in a denial of a defendant's rights to have one complete opportunity to show a substantial denial of his constitutional rights so long as the defendant's allegations are clearly communicated to the court. (*People v. Foster* (1989), 178 Ill. App. 3d 1009, 534 N.E.2d 160.) In the instant case, it is clear from the record that defendant's first post-conviction petition, which was *pro se*, and his amended post-conviction petition prepared by counsel clearly communicated defendant's claim of ineffective assistance. Defendant has had several opportunities to present his claim of ineffective assistance based on trial counsel's alleged misunderstanding of sentencing laws in effect at the sentencing hearing. The issue raised was presented to the trial court, which dismissed defendant's first post-conviction petition. This decision was appealed and the cause remanded on other grounds, after which appointed counsel prepared an amendment to the first petition, again presenting the same issue raised in defendant's *pro se* petition. The petition was dismissed. The matter was further considered by this court on appeal, and the trial court's decision to dismiss the amended petition affirmed. The issue was presented yet a third time in defendant's second post-conviction petition, to which was attached the affidavit of defendant's trial counsel. It is noteworthy that it is not apparent from the record that the statements set out in the affidavit are substantially or meaningfully different from the allegation presented in defendant's prior petitions. The trial court again dismissed the petition. Given the record of this case, it is clear that, cumulatively, defendant has had one complete opportunity to show a substantial denial of his constitutional right to effective assistance of counsel. Accordingly, we conclude that

further consideration of this issue is barred by the doctrine of *res judicata*.

For the reasons stated above, the judgment of the circuit court is affirmed.

Judgment affirmed.

JOHNSON and McMORROW, JJ., concur.