16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jimmie TERRELL, Petitioner-Appellant,
v.
Salvador A. GODINEZ, and Roland W. Burris, Respondents-Appellees.
 No. 93-1794.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1994.[1]
Decided Feb. 15, 1994.
 
 Before ESCHBACH, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Jimmie Terrell, a prisoner in Illinois, appeals from a district court order denying his petition for habeas corpus, 28 U.S.C. Sec. 2254. Terrell raises 20 separate grounds for relief in his habeas petition. For the reasons stated in the attached Memorandum Opinion and Order, the decision of the district court is AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 2
 United States of America ex rel. Jimmie Terrell, Petitioner,
 
 
 3
 v.
 
 
 4
 Salvador Godinez, Warden, and Roland Burris, Attorney
 
 
 5
 General of the State of Illinois, Respondents.
 
 No. 92 C 1706
 
 6
 Docketed Feb. 26, 1993.
 
 MEMORANDUM OPINION AND ORDER
 
 7
 Following a jury trial, Jimmie Terrell was found guilty of six counts of murder. The six victims died in an apartment building fire caused by arson. Terrell allegedly had two accomplices in the setting of the fire. One of the alleged accomplices, Faye Byas, testified against Terrell at the trial. The jury did not impose the death penalty and the judge sentenced Terrell to six concurrent terms of natural life imprisonment. Presently pending is Terrell's petition for writ of habeas corpus and respondents' motion to dismiss the petition.
 
 
 8
 Terrell's petition contains 20 claims for relief. They are summarized as follows:
 
 
 9
 (1) The prosecution suppressed exculpatory evidence concerning statements of Terrell's alleged accomplices.
 
 
 10
 (2) Trial counsel was ineffective in (a) failing to adequately investigate; (b) failing to advise Terrell as to the witnesses counsel would call; (c) failing to cross-examine Byas adequately; (d) failing to raise the issue of discriminatory preemptory challenges; and (e) failing to support objections with adequate arguments.
 
 
 11
 (3) The prosecution's use of peremptory challenges to exclude blacks from the jury.
 
 
 12
 (4) The cumulative effect of the prosecutorial misconduct alleged in the other claims.
 
 
 13
 (5) Denial of due process and equal protection. (The specific wrongdoing is not identified.)
 
 
 14
 (6) The evidence does not exclude every reasonable hypothesis consistent with innocence.
 
 
 15
 (7) Ineffective assistance of appellate counsel in failing to raise claims 1 through 6, 12, and 13.
 
 
 16
 (8) Insufficiency of the evidence to support guilt beyond a reasonable doubt.
 
 
 17
 (9) Disparity of Byas's sentence and Terrell's sentence.
 
 
 18
 (10) Improper sentence of six concurrent terms.
 
 
 19
 (11) Error in giving accountability instructions and refusing Terrell's proposed instruction regarding leniency given to Byas.
 
 
 20
 (12) Inflammatory remarks of prosecution in opening and closing statements.
 
 
 21
 (13) Trial court error in (a) failing to permit certain cross-examination of prosecution witness Larry Thomas and (b) accepting Byas's testimony as a basis for conviction.
 
 
 22
 (14) The prosecution withheld exculpatory evidence regarding promises to Byas and notes of interviews with Byas.
 
 
 23
 (15) Certain evidence should not have been admitted because of failure to give Miranda warnings.
 
 
 24
 (16) Ineffective assistance of post-conviction counsel.
 
 
 25
 (17) Terrell was sentenced under an incorrect statutory provision.
 
 
 26
 (18) Violation of the Eighth and Fourteenth Amendments by imposing a natural life sentence without consideration of mitigating factors.
 
 
 27
 (19) Cumulative effects of trial court's erroneous evidentiary rulings.
 
 
 28
 (20) Ineffective assistance of trial counsel in failing to interview or present Terrell's family members' testimony.
 
 
 29
 On direct appeal to the Illinois Appellate Court, Terrell was represented by Chester Blair, who had also represented him at the trial. In that appeal, Terrell raised claims 8, 9, 11, 17, and 18.[1] The Appellate Court affirmed. People v. Terrell, 111 Ill.App.3d 1161, 455 N.E.2d 573 (1st Dist. Dec. 28, 1982) (unpublished order) ("Terrell I "). Still represented by the same counsel, Terrell petitioned for leave to appeal to the Illinois Supreme Court. In that petition, he raised claims 9, 11, 17, and 18. The petition for leave to appeal was denied. People v. Terrell, --- Ill.2d ----, --- N.E.2d ---- (19__) ("Terrell II ").
 
 
 30
 Terrell then filed a pro se post-conviction petition. Counsel was appointed to represent Terrell, but she did not amend the petition. In the post-conviction petition ("Terrell III "), Terrell apparently raised claims 1, 2, 7, 8, 12, 13(a), 14, 15, and 20.[2] The petition was denied and Terrell appealed. Terrell was represented by different counsel on appeal, Dennis Doherty. In that appeal, it was argued that post-conviction counsel had provided ineffective assistance. The state argued that all issues raised in the petition were waived or, alternatively, that post-conviction counsel had not been ineffective. The Illinois Appellate Court affirmed the denial of post-conviction relief. People v. Terrell, 176 Ill.App.3d 1169, 549 N.E.2d 358 (1st Dist. Dec. 30, 1988) (unpublished order) ("Terrell IV "). The court held that the pro se petition had been sufficiently clear, there was nothing to show that any amendments to the petition would have been successful, and that the post-conviction representation was not ineffective. The merits of the claims, other than ineffective assistance of post-conviction counsel, were not addressed in Terrell's brief and were not addressed by the court. Proceeding pro se, Terrell petitioned for leave to appeal. He conclusorily stated that trial counsel provided ineffective assistance and that the evidence was insufficient to prove him guilty beyond a reasonable doubt;[3] he did not make any reference to ineffective assistance of post-conviction counsel. Leave to appeal was denied. People v. Terrell, 125 Ill.2d 573, 537 N.E.2d 817 (April 5, 1989) ("Terrell V ").
 
 
 31
 In September 1990, Terrell filed a second pro se post-conviction petition. In that petition, he raises all the claims contained in his federal habeas corpus petition. The trial court denied the petition without a hearing. ("Terrell VI "). The public defender represented Terrell on appeal, but moved to withdraw on the ground that he found no arguable basis for collateral relief.[4] See generally Anders v. California, 386 U.S. 738 (1967). The Illinois Appellate Court granted the motion and affirmed, stating it also found "no issues of arguable merit." People v. Terrell, --- Ill.App.3d ----, --- N.E.2d ---- (1st Dist. Sept. 10, 1991) (unpublished order) ("Terrell VII "). Leave to appeal was denied. People v. Terrell, 143 Ill.2d 646, 587 N.E.2d 1023 (Feb. 5, 1992) ("Terrell VIII "). Nothing is provided regarding this petition for leave to appeal; it is assumed Terrell raised the same issues that were raised in the Appellate Court.
 
 
 32
 Respondents argue that most of the claims raised in the present petition have been waived. A petitioner who fails to seek review of a claim in the state's highest court generally waives the opportunity to raise that claim in a federal habeas corpus petition. Nutall v. Greer, 764 F.2d 462 (7th Cir.1985). Other than the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent," Murray v. Carrier, 477 U.S. 478, 496 (1986), a petitioner must show cause and prejudice for failing to raise a claim before the state's highest court. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Ineffective assistance of counsel at trial or ineffective assistance of appellate counsel on an appeal of right to the Illinois Appellate Court can constitute cause for failing to raise a claim. See Freeman v. Lane, 962 F.2d 1252, 1258-59 (7th Cir.1992). Ineffective assistance on a discretionary appeal to the Illinois Supreme Court or in a post-conviction proceeding, both of which are proceedings where there is no constitutional right to counsel, cannot constitute cause. See Coleman, 111 S.Ct. at 2566-68; Lane v. Richards, 957 F.2d 363, 365 (7th Cir.), cert. denied, 113 S.Ct. 127 (1992); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir.1990); United States ex rel. Johnson v. People of Illinois, 779 F.Supp. 81, 83-85 (N.D.Ill.1991). Also, ineffective assistance of counsel cannot support cause unless such a claim was first adequately presented to the state's highest court. Morrison, 898 F.2d at 1300.
 
 
 33
 Claims 9, 11, 17, and 18 are not waived because they were raised on direct appeal to the Illinois Appellate Court and the Illinois Supreme Court.[5]
 
 
 34
 Claims 6 and 8 are waived because they could have been raised on direct appeal, as they were in the direct appeal to the Illinois Appellate Court. Appellate counsel preserved these claims for appeal by raising them in the Appellate Court. Appellate counsel's failure to raise the issues in the petition to the Illinois Supreme Court cannot constitute cause because Terrell had no constitutional right to the assistance of counsel on that appeal. See Coleman, supra; Johnson, supra. Compare, Freeman, supra.
 
 
 35
 Respondents essentially ignore any effect that the post-conviction petitions may have had in preserving claims for federal habeas corpus review. They ignore whether the ineffective assistance of trial counsel claims are the type that could only have been raised in a post-conviction proceeding. See Cruz v. Warden of Dwight Correctional Center, 907 F.2d 665, 670 (7th Cir.1990) (an ineffective assistance of counsel claim involving facts outside the trial record can be raised for the first time in a post-conviction proceeding). Respondents argue that Terrell raises ineffective assistance of appellate counsel for the first time in the federal habeas corpus petition, yet Terrell raised that issue in both of his post-conviction proceedings. It must be considered whether the post-conviction proceedings preserved any additional claims.
 
 
 36
 In the first post-conviction proceeding (Terrell III, Terrell IV, & Terrell V ), Terrell raised claims 1, 2, 7, 8, 12, 13(a), 14, 15, 16, and 20. To preserve a claim, however, the claim must be raised before the state's highest court, without having been defaulted at an earlier stage of the proceedings. The only claims possibly raised before the Illinois Supreme Court in Terrell V were claims 2, 8, and 20. Claim 8 was already waived because it could have been presented to the Illinois Supreme Court on direct appeal. See Gray v. Greer, 707 F.2d 965, 967 (7th Cir.1983) ("An issue raised on direct appeal from a conviction is res judicata in a subsequent Illinois post-conviction petition; an issue which could have been raised on direct appeal, but was not, is waived."). Claims 2 and 20 involve ineffective assistance of counsel. However, Terrell's conclusory assertion of ineffective assistance of counsel in his petition for leave to appeal is not sufficient to preserve the specific claims made in the present petition.[6] He did not identify for the Illinois Supreme Court what was defective about his counsel's representation. Since the ineffective assistance of counsel claims were not fairly presented to the Illinois Supreme Court in Terrell V, no claims were preserved for federal habeas corpus review by the first post-conviction proceeding. See Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir.1992); Buckley v. Lockhart, 892 F.2d 715, 719 (8th Cir.1989), cert. denied, 497 U.S. 1006 (1990); Strickland v. Marshall, 632 F.Supp. 590, 601 (S.D.Ohio), appeal dismissed, 803 F.2d 721 (6th Cir.1986).
 
 
 37
 In the second post-conviction proceeding (Terrell VI, Terrell VII, & Terrell VIII ), Terrell raised the same claims that are presented in his federal habeas corpus petition and, on the present record, are assumed to have been fully presented at all three stages of that proceeding. All the issues raised in that proceeding, however, were or could have been previously raised on direct appeal or in the first post-conviction proceeding. Ordinarily, if a petitioner did raise or could have raised an issue on direct appeal or in a prior post-conviction proceeding, that issue will be waived for any subsequent post-conviction proceeding. Cruz, 907 F.2d at 670; Gray, 707 F.2d at 968; People v. Free, 122 Ill.2d 367, 522 N.E.2d 1184, 1188, cert. denied, 488 U.S. 872 (1988); People v. Lawson, 214 Ill.App.3d 710, 574 N.E.2d 708, 710 (1st Dist.1991). There are, however, some exceptions, such as where ineffective assistance of counsel was provided during a post-conviction proceeding. See Free, supra; Lawson, supra. Here, however, the Illinois Appellate Court had already held that the assistance Terrell received on his first post-conviction petition was not ineffective. See Terrell IV. Also, Terrell did not allege any facts in the second post-conviction petition that were not available to him at the time of the first petition. For these reasons, the Illinois courts could have denied the second post-conviction petition on procedural grounds.
 
 
 38
 That, however, does not fully resolve the question of whether the second post-conviction petition preserved any claims for federal habeas corpus review. Claims previously presented in state court are only barred by a procedural default if the state's highest court relies on the procedural default as a basis for denying the claim. "State procedural bars are not immortal, however; they may expire because of later actions by state courts. If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal court review that might otherwise have been available." Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991). Where the last state court order is a summary denial of discretionary review, the decision of the last court to write an opinion will be the focus of consideration. Id. at 2594-95; Prihoda v. McCaughtry, 910 F.2d 1379, 1383 (7th Cir.), cert. denied, 111 S.Ct. 93 (1990). In determining the basis of the state court decision, the briefs of the parties, the existence of apparent defaults (e.g., an untimely notice of appeal), and other circumstances surrounding the decision can be considered. See Ylst, 111 S.Ct. at 2595; United States ex rel. Gibson v. McGinnis, 773 F.Supp. 126, 131-32 (N.D.Ill.1991). If, in light of these factors, the state court decision fairly appears to rest primarily on federal law or to be interwoven with federal law, then the presumption of Harris v. Reed, 489 U.S. 255 (1989), comes into play. Coleman, 111 S.Ct. at 2559; Ylst, 111 S.Ct. at 2594. Under the Harris presumption, it is presumed that the state court decision is based on federal law "unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." Rogers-Bey v. Lane, 896 F.2d 279, 281 (7th Cir.), cert. denied, 111 S.Ct. 93 (1990) (quoting Harris, 489 U.S. at 1043) (emphasis in Rogers-Bey ). The Harris presumption is rebuttable. Ylst, 111 S.Ct. at 2595.
 
 
 39
 The last and only opinion on Terrell's second post-conviction petition is Terrell VII.[7] In its entirety, it reads:
 
 
 40
 Defendant appeals from the dismissal with prejudice of his post-conviction petition which sought to overturn his six convictions for murder and the six consecutive natural-life prison terms imposed thereon.
 
 
 41
 The court dismissed defendant's petition without an evidentiary hearing. The public defender of Cook County, who represents defendant on appeal, has filed a motion for leave to withdraw as appellate counsel. A brief in support of the motion has been submitted pursuant to Pennsylvania v. Finley (1987), 481 U.S. 551, 95 L.Ed.2d 539, 107 S.Ct. 1990, in which counsel states that he has reviewed the trial record and concluded that there are no arguable bases for collateral relief.
 
 
 42
 We have carefully reviewed the record in this case and the aforesaid brief in compliance with the mandate of Pennsylvania v. Finley and find no issues of arguable merit. Therefore, the motion of the public defender for leave to withdraw as counsel is allowed and the judgment of the circuit court is affirmed.
 
 
 43
 No copy has been provided of the Anders brief filed by the public defender.
 
 
 44
 The statement that the court found "no issues of arguable merit" is ambiguous. The court's statement would probably be better understood in light of the public defender's brief,[8] but that brief is not in the record. As previously discussed, state procedural grounds existed for denying the second post-conviction proceeding. In light of that fact and the lack of any express reference to federal law, Terrell VII will not be read as fairly appearing to rest primarily on federal law or to be interwoven with federal law. Therefore, the Harris presumption does not apply. Since the second post-conviction petition fails on state procedural grounds, it does not preserve any issues for federal habeas corpus review.
 
 
 45
 All claims were procedurally defaulted except claims 9, 11, 17, and 18. The only cause for his default that Terrell relies upon is ineffective assistance of counsel. However, no ineffective assistance of counsel claim was adequately presented to the Illinois Supreme Court, so it cannot be a basis for cause. Morrison, 898 F.2d at 1300. All claims are waived except claims 9, 11, 17, and 18.
 
 
 46
 As summarized by the Illinois Appellate Court, the evidence presented at trial was as follows:
 
 
 47
 The evidence adduced at trial revealed that defendant, Sharon Marshall, and Faith Byas all slept at Sharon Marshall's apartment on the evening of December 29, 1979. The next morning, the 29th, the three of them left the apartment and went out to Marshall's car. Upon arriving at the car, defendant and Marshall had a conversation whereupon Marshall told Byas to go back into the apartment and get a gas can and gun. Byas went into the apartment and got a gas can and matches but could not locate the gun. Sharon Marshall went into the apartment and got the gun.
 
 
 48
 Defendant, Marshall and Byas then got into Marshall's car and drove to 5406 Winthrop, Chicago. All three went into the building to apartment 201. Defendant and Marshall knocked on the door but there was no answer. After about five minutes, the three left the building and drove to Walgreens where they ate lunch.
 
 
 49
 After eating, defendant, Marshall, and Byas returned to 5406 Winthrop. Upon arrival, defendant took the gas can out of the trunk and they proceeded to go into the apartment building and up to apartment 201. Defendant began spreading the gasoline on the floor in front of apartment 201. After emptying the can, defendant lit a match and ignited the gasoline.
 
 
 50
 Defendant, Marshall, and Byas then ran down the back stairway and out the back door. They left in Marshall's car.
 
 
 51
 The State produced evidence that on the evening before the fire (the 28th), defendant engaged in a fight at Marshall's apartment, and following the fight, vowed to get revenge on "Larry." The evidence revealed that a man named Larry Thomas was the occupant of apartment 201 at 5406 Winthrop, but he was not the man who attacked defendant on December 28. Thomas testified that he knew defendant and Marshall and that he saw them and another girl in front of his door just prior to the fire. Thomas did not answer the door because he owed Marshall some money for drugs.
 
 
 52
 Defendant denied being at 5406 Winthrop at the time of the fire. Defendant contends that he was at home with his family the entire afternoon of the 29th. Defendant's mother and sister also testified that he was at home with them at the time of the fire.
 
 
 53
 Defendant produced a witness, Kenneth Choate, who testified that three Puerto Ricans started the fire by pouring gasoline in the hall and igniting it. Choate testified that the gas was poured out of plastic milk jugs. Faith Byas had testified, however, that defendant had used a metal gas can and Captain Crawford of the Chicago Fire Department testified that a gas can was involved in the fire.
 
 
 54
 Six people died in the fire and thirty-six were injured.
 
 
 55
 Terrell I at 1-3.
 
 
 56
 Terrell claims two errors as to the giving of jury instructions. He complains that the court should have given his proffered instruction as to leniency for Byas instead of the pattern instruction given by the court. The court gave Illinois Pattern Criminal Jury Instruction 3.17.
 
 
 57
 An accomplice witness is one who testifies that he or she was involved in the commission of a crime with the defendant. The testimony of an accomplice witness is subject to suspicion, and should be considered by you with caution. It should be carefully examined in light of the other evidence in the case.
 
 
 58
 Terrell had requested the following instruction:
 
 
 59
 If you believe from the evidence that any person was induced to become a witness and testify in this cause by any promise of a lesser sentence or any hope held out to her by anyone that it would be easier with her if she testified in the case of Defendant, then you should take such facts into consideration in determining the weight which ought to be given to her testimony thus obtained and given under the influence of such promise or hope.
 
 
 60
 State court convictions cannot be overturned merely because instructions are undesirable, erroneous, or even universally condemned; instead, the instructions must have so infected the entire trial that the resulting conviction violated due process. Estelle v. McGuire, 112 S.Ct. 475, 482 (1991); Cupp v. Naughten, 414 U.S. 141 (1973); Falconer v. Lane, 905 F.2d 1129, 1135 (7th Cir.1990). Here, the jury was instructed that Byas's testimony should be viewed with suspicion. Also, defense counsel was permitted to cross-examine Byas as to her bias in being offered a reduced charge and also made arguments in closing that were consistent with the proffered instruction. Under such circumstances, denial of the proffered instruction does not constitute constitutional error. See United States ex rel. Swimley v. Nesbitt, 608 F.2d 1130 (7th Cir.1979); McDonald v. Sheriff of Palm County, Fla., 422 F.2d 839 (5th Cir.1970); Smith v. Collins, 977 F.2d 951, 961-62 (5th Cir.1992); Jackson v. Hutto, 508 F.2d 890, 891 (8th Cir.1975).
 
 
 61
 Terrell also complains that the court gave an accountability instruction even though the evidence could only have supported his conviction as a principal. The Illinois Appellate Court held that the giving of the instruction was error, but that the error was harmless in light of the overwhelming weight of evidence against Terrell. Terrell I at 7-8. Given the overwhelming evidence that Terrell was guilty as a principal, the giving of this instruction was not an error of constitutional dimension. Cf. Prihoda, 910 F.2d at 1379.
 
 
 62
 The other remaining claims concern the sentences that Terrell received. The statute under which he was sentenced provided:
 
 
 63
 (b) if the court finds that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty ... the court may sentence the defendant to a term of natural life imprisonment, or (c) if the defendant ... is found guilty of murdering more than one victim, the court shall sentence the defendant to a term of natural life imprisonment; ....
 
 
 64
 Ill.Rev.Stat. ch. 38, p 1005-8-1(1) (1979). Terrell contends that he was sentenced under subsection (c) and that subsection (c) violates the Constitution in that it fails to permit the consideration of mitigating factors.
 
 
 65
 The Illinois Appellate Court found that the sentencing judge sentenced Terrell under subsection (b). See Terrell I at 4-5. That finding is supported by the record so this court must defer to that finding. Mills v. Jordan, 979 F.2d 1273, 1279 (7th Cir.1992). Since sentenced under subsection (b), the constitutionality of subsection (c) has no bearing on the validity of Terrell's sentence.
 
 
 66
 Terrell also complains that his sentence is fundamentally unfair because disproportionate to the ten-year sentence given to Byas. Byas, however, testified for the state and pleaded guilty to a lesser offense, aggravated arson. Terrell and Byas, therefore, are not similarly situated so no inference of failure to properly exercise discretion can be inferred. The disparity in the sentences does not state a constitutional claim. See United States v. Nesbitt, 852 F.2d 1502, 1522 (7th Cir.1988), cert. denied, 488 U.S. 1015 (1989); United States v. Ely, 719 F.2d 902, 907 (7th Cir.1983), cert. denied, 465 U.S. 1037 (1984); United States ex rel. Jackson v. Gramley, 1992 WL 186039 * 2-3 (N.D.Ill. July 28, 1992); United States ex rel. Humphrey v. Roth, 1991 WL 259494 * 9 (N.D.Ill. Dec. 3, 1991).
 
 
 67
 IT IS THEREFORE ORDERED that the Clerk of the Court is directed to enter judgment in favor of respondents and against petitioner denying the petition for writ of habeas corpus. If petitioner wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of judgment.
 
 
 68
 /s/ William T. Hart
 
 WILLIAM T. HART
 UNITED STATES DISTRICT JUDGE
 Dated: FEBRUARY 25, 1993
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The brief for this appeal is not provided. Based on the Illinois Appellate Court's opinion, these appear to be the claims that were raised and Terrell does not contend any additional claims were raised
 
 
 [2]
 No copy of the post-conviction petition has been provided. This list is taken from the state's brief on the post-conviction appeal. Nothing in Terrell's present pleadings is to the contrary. As regards the ineffective assistance of counsel claims (2 & 20), Terrell may not have specified the precise nature of those claims
 
 
 [3]
 Broadly construed, these would be claims 2, 8, and 20
 
 
 [4]
 Copies of the briefs on this appeal have not been provided
 
 
 [5]
 Respondents concede that these claims have not been waived. Respondents make no argument that any of these claims were argued on state grounds only before the Illinois courts
 
 
 [6]
 It is also possible that the claims were not properly preserved for consideration by the Illinois Supreme Court because the merits of the post-conviction petition were not raised before the Appellate Court in Terrell IV
 
 
 [7]
 Terrell VIII is a terse denial of leave to appeal. The written or oral ruling of the trial court in Terrell VI has not been provided
 
 
 [8]
 If, as to any particular claim, the public defender only referred to federal issues, then the statement of the Appellate Court might be construed as a reference to relying on federal issues. On the other hand, if the public defender took the position that all claims were waived or lacked merit on state grounds, the inference would be otherwise