THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILFORD MACKEY, Defendant-Appellant.

Second District   No. 2—90—0619

Opinion filed June 3, 1992.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Wilford Mackey, appeals from the circuit court's order entered May 23, 1990, dismissing his second petition for post-conviction relief. In that order, the court found that defendant waived any claim not raised in his prior petition and that the denial of his original petition was *res judicata* as to any claim raised there. We affirm the judgment of the circuit court.

In December 1982, defendant and a codefendant were charged by indictment with murder (Ill. Rev. Stat. 1983, ch. 38, pars. 9—1(a)(1), (a)(3)). The codefendant implicated defendant, who then made a confession regarding his participation in the murder and led police to the recovery of a knife alleged to have been used in the crime. Prior to trial, defendant moved to suppress his statement and the physical evidence, and this motion was denied.

On July 28, 1983, defendant pleaded guilty to the offense after having been extensively admonished by the trial court of his rights and of the possible sentences, including a term of 20 to 40 years, an extended term of 40 to 80 years, or life imprisonment. The State presented a detailed factual basis for the plea, and the plea was accepted. On October 26, 1983, the court again meticulously admonished defendant of his rights and the possible sentences. The court ascertained that defendant understood the waiver of his rights and the circumstances and consequences of his plea. Defendant persisted in his plea. The State again presented a detailed factual basis. After vacating the

earlier plea, the court accepted defendant's second guilty plea after being satisfied that defendant understood its consequences. A judgment of conviction was entered.

At the sentencing hearing on November 21, 1983, defense counsel acknowledged that defendant was a participant in the crime, pleaded for leniency and sought a minimum sentence. The court again reviewed the sentencing alternatives and asked defendant if he wished to make any statement; he declined to do so. The court sentenced defendant to a term of 50 years' imprisonment. On December 12, 1983, defendant filed his initial motion to withdraw his plea or to reduce his sentence. In March 1984, after the court appointed substitute counsel to avoid any conflict of interest, defendant filed a subsequent motion to withdraw his guilty plea or to reduce the sentence.

In his motion to withdraw his plea, defendant argued that he did not understand the admonishments at the guilty plea proceedings, that his counsel misled him and misrepresented the sentence he would receive by telling him that he could receive a term of 15 to 20 years, and that his sentence was excessive and disproportionate. Sometime in March, defendant also addressed a handwritten letter to the trial court complaining that his lawyer misled him and that codefendant received a lesser sentence of 40 years' imprisonment. Defendant also acknowledged that he was at the scene of the crime and stabbed the victim, but did not kill him.

Defendant's original counsel filed an affidavit essentially denying defendant's allegations that she had misled him as to the sentence he could receive. She stated that she had advised him that he could receive a sentence up to and including life imprisonment, although such a term was unlikely. On May 9, 1984, after hearing the testimony of defendant, the contrary testimony of his original counsel and the arguments of substitute counsel, the trial court denied defendant's motion.

Defendant appealed the denial of his motion to this court and, after noting the arguments raised in his motion, argued only that his sentence was excessive and disparate. This court affirmed the trial court's judgment in *People v. Mackey* (1985), 135 Ill. App. 3d 1164 (unpublished order under Supreme Court Rule 23).

On November 12, 1985, defendant filed his first *pro se* petition for post-conviction relief (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*). Defendant again argued that his guilty plea was not voluntarily and knowingly made because his trial attorney told him that the State had agreed that he should get only a 15- to 20-year term. He also alleged that he had been coerced into pleading guilty because his attorney

told him that he could receive a death sentence or life imprisonment. Newly appointed counsel amended the petition to a disparate sentencing claim and alleged that defendant should not have received an extended term. The trial court granted the State's motion to deny the petition on March 25, 1986. The trial court denied defendant's petition on the basis of *res judicata* and waiver.

Defendant again appealed, and this court affirmed the judgment in another unpublished order. (*People v. Mackey* (1987), 156 Ill. App. 3d 1172 (unpublished order under Supreme Court Rule 23).) In that order, after reviewing the record and finding that there was no issue meriting further appeal, this court also granted appellate counsel's *Anders* motion to withdraw.

On January 18, 1990, defendant filed his second petition for post-conviction relief, arguing that he received the ineffective assistance of counsel because his trial attorney allegedly coerced him to plead guilty, failed to present an alibi defense, and failed to present properly his motion to withdraw his guilty plea. Defendant also added that he did not receive the effective assistance of appellate counsel in his direct appeal. New counsel was appointed to represent defendant on his second post-conviction petition. Counsel informed the trial court that he had reviewed the file in the case in detail, had read the transcripts, and had conducted research on the matter. Counsel concluded that he was in a position analogous to that of an attorney who files an *Anders* motion to withdraw from the appeal of a case, and he could find no meritorious basis upon which to oppose the State's motion to dismiss the petition. Defense counsel acknowledged that he had not spoken with defendant.

The court noted that it too had carefully reviewed the entire file, and the court agreed with defense counsel's assessment of the case. The court observed that, with the exception of the newly raised issue of an alibi defense, defendant's claims had been presented and adjudicated before. However, the court also took notice that the record included a letter dated March 2, 1984, written to the court in which defendant admitted that he was a participant in the crime. The court concluded that defendant's belated alibi defense was a travesty and that defendant had no meritorious claim that he had not already had the opportunity to present. The court dismissed the petition, and this appeal followed.

On appeal, defendant raises the sole issue that the attorney appointed to assist him on his second post-conviction petition failed to comply with Supreme Court Rule 651(c) and that his representation was ineffective since counsel failed to consult with him, as required by

the rule, to ascertain defendant's contentions regarding his depriva-tion of any constitutional right. (See 134 Ill. 2d 651(c).) Defendant relies on this court's decision in *People v. Alexander* (1990), 197 Ill. App. 3d 571. In *Alexander*, defense counsel's failure to comply fully with the requirements of the rule was deemed inadequate representa-tion and resulted in the reversal of the trial court's order dismissing defendant's post-conviction petition.

■ Relying on *People v. Free* (1988), 122 Ill. 2d 367, the State re-sponds that, where a defendant has been given a complete opportu-nity to present his claim of a deprivation of his constitutional rights, he is not entitled to bring a second post-conviction petition. We agree. In *Free*, the supreme court pointed out that the Post-Conviction Hear-ing Act (Ill. Rev. Stat. 1985, ch. 38, pars. 122—1 through 122—8) con-templates only one post-conviction petition and any claim of a sub-stantial denial of constitutional rights not raised in the original or in an amended petition is waived. Therefore, a ruling on a post-convic-tion petition has *res judicata* effect with respect to all claims that were raised or could have been raised in the initial petition. (*Free*, 122 Ill. 2d at 375-76.) A court may consider a successive post-conviction petition where the original proceeding was deficient in some funda-mental way. However, where a defendant has had one complete oppor-tunity to show a substantial denial of his constitutional rights, the sec-ond petition may be properly dismissed. *Free*, 122 Ill. 2d at 375-76, citing *People v. Logan* (1978), 72 Ill. 2d 358, 370.

As in *Free*, defendant makes no serious attempt to justify our consideration of his second post-conviction petition. Indeed, he does not argue the merits of his potential claims, but, rather, he argues that a violation of Rule 651(c) requires a reversal of the dismissal and a remand for further proceedings. Defendant's claims turn on whether his guilty plea was voluntarily and knowingly made and whether he was afforded the effective assistance of his trial counsel in entering his plea. It is clear from the record that defendant was prop-erly and thoroughly admonished of his rights and that he acknowl-edged that he understood the consequences of his plea.

■ Prior to the filing of his second post-conviction petition, defendant had at least four complete opportunities to present his claims on this basis: twice in the trial court and twice on appeal. In each instance, defendant's claims were found to be without merit. We have again carefully reviewed the record. There was no basis for defendant to pursue his claims in a second post-conviction petition. Defendant has not demonstrated that the first post-conviction pro-ceeding was fundamentally deficient. The ruling on the initial post-

conviction petition, which this court affirmed, has *res judicata* effect with respect to all claims that were raised or could have been raised; any claim which could have been raised but was not raised in the original post-conviction proceeding is waived. Therefore, it is of no avail to defendant to argue that counsel who represented him on the second post-conviction petition did not comply with the requirements of Rule 651(c).

The judgment of the circuit court is affirmed.

Affirmed.

INGLIS, P.J., and DUNN, J., concur.