# ILLINOIS OFFICIAL REPORTS

## Appellate Court

### *People v. Edwards*, 2012 IL App (1st) 091651

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WAYNE EDWARDS, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-09-1651 |
| Filed | February 17, 2012 |
| Rehearing denied | March 20, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendant's motion for leave to file a successive postconviction petition alleging the ineffectiveness of his appellate counsel was affirmed where defendant failed to show any prejudice under the cause and prejudice test that would warrant the filing of a successive petition. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 94-CR-16717; the Hon. Marcus R. Salone, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Lauren A. Bauser, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Margaret M. Smith, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE GARCIA delivered the judgment of the court, with opinion.

Justices Lampkin and Palmer concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant Wayne Edwards appeals from the denial of a motion for leave to file a successive postconviction petition. The defendant was found guilty by a jury of criminal drug conspiracy and sentenced to 30 years in prison. While his direct appeal was pending, the defendant filed a *pro se* postconviction petition, which the circuit court summarily dismissed. His appeal from the dismissal of his first postconviction petition was consolidated with his direct appeal. We affirmed his conviction and the dismissal of his petition. Thereafter, the defendant sought leave to file a second postconviction petition in which he raised claims of ineffective assistance of trial counsel, appellate counsel, and postconviction counsel, circuit court error in its ruling on his first petition, and denial of due process. The circuit court denied leave to file the petition. Following the timely filing of his *pro se* motion to reconsider the denial of leave to file a successive petition, the defendant retained counsel, who filed a second amended motion to reconsider and reinstate the successive petition. While postconviction counsel's motion was pending, the defendant filed *pro se* a third amended motion for leave to file the successive postconviction petition. He alleged cause and prejudice were demonstrated when the statute of limitations in effect at the time for filing postconviction petitions expired before his direct appeal was resolved. As a result, his claim that appellate counsel rendered ineffective assistance could only be raised in a successive postconviction petition. Following a hearing, the circuit court concluded the defendant failed to meet the cause and prejudice test to file a successive petition. We affirm.

¶ 2                              BACKGROUND

¶ 3     On June 6, 1994, the defendant, with four codefendants, was charged by indictment with multiple counts of criminal drug conspiracy. The charges arose from drug sales by a street gang on the west side of Chicago. The indictment alleged that the defendant organized and supervised the wholesale and street-level retail distribution of heroin for the street gang. According to the indictment, the defendant oversaw the procurement, cutting, packaging, and distribution of the heroin and had others arrange meetings with individuals seeking to

purchase heroin.

¶ 4        On October 15, 1997, a jury found the defendant guilty of criminal drug conspiracy to deliver between 5 and 10 grams of heroin. He was also found guilty of conspiring to possess at least 15 grams but less than 100 grams of heroin with the intent to deliver. The circuit court sentenced the defendant to 30 years in prison. The defendant filed a timely notice of appeal.

¶ 5        On October 11, 2000, while his direct appeal was pending, the defendant filed his initial *pro se* postconviction petition. The statute of limitations then in effect under section 122-1(c) of the Post-Conviction Hearing Act (Act) required the filing of a postconviction petition within three years of the date of conviction. 725 ILCS 5/122-1(c) (West 2000) ("No proceedings under this Article shall be commenced more than *** 3 years from the date of conviction ***."). The defendant alleged in his petition that the trial judge violated his constitutional rights by threatening to sentence him to the maximum 30-year prison term if he refused the judge's offer of a 29-year sentence in exchange for a guilty plea. The circuit court summarily dismissed the initial petition on November 29, 2000. The defendant's appeal from the summary dismissal of his first postconviction petition was consolidated with his direct appeal.

¶ 6        On November 26, 2002, this court affirmed the defendant's conviction and the summary dismissal of his initial postconviction petition. *People v. Edwards*, 337 Ill. App. 3d 912 (2002). In the unpublished portion of the opinion, we held that the defendant's initial postconviction petition was subject to summary dismissal because it was unsupported by affidavits, records, or other evidence and provided no explanation for the absence of the required supporting documentation.

¶ 7        On April 13, 2004, the defendant filed his *pro se* motion seeking leave to file a successive postconviction petition. The successive petition included allegations of ineffective assistance of appellate counsel grounded in part on this court's opinion that certain issues raised on appeal lacked citation to the record or legal authority, which resulted in the issues being forfeited. The defendant also faulted appellate counsel for failing to raise several trial errors and instances of trial counsel's ineffectiveness.

¶ 8        On July 14, 2004, the circuit court denied the defendant's request for leave to file the successive petition. On August 2, 2004, the defendant filed a motion to reconsider the circuit court's denial, arguing (1) the court erred by dismissing his petition *sua sponte* after more than 90 days had passed since the filing of his petition in violation of section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2004)), (2) the court erred by ruling on his petition when a motion for substitution of judge was pending, and (3) he did not receive notice of the denial of his petition within 10 days as required by section 122-2.1(a)(2) of the Act.

¶ 9        On August 12, 2004, the defendant filed a notice of appeal from the July 14, 2004 order. While the appeal was pending, retained counsel filed on April 11, 2005, a "Corrected Second Amended Motion to Reinstate Post Conviction Petition Because Any Order Of Dismissal Was Void," reasserting that the dismissal of the successive petition was not entered within the statutorily prescribed 90 days of the filing of the successive postconviction petition and

that the defendant was not given notice of the dismissal within 10 days of its entry as provided by statute. This court dismissed the appeal as premature because the August 2, 2004 motion to reconsider remained pending before the circuit court.

¶ 10 On August 23, 2007, retained counsel appeared before the circuit court to seek resolution of the pending motions. On February 27, 2009, before the pending motions were resolved, the defendant filed *pro se* a "Corrected 3rd Amended Motion to Reinstate Petition for Leave to file a Successive Post Conviction Petition under § 122-1(f)." The defendant argued he satisfied the statutory cause and prejudice test of the Act. He claimed cause to permit the filing of a successive postconviction petition based on the impending expiration of the statute of limitations for the filing of postconviction petitions in 2000, which forced him to file his initial postconviction petition while his direct appeal was pending. 725 ILCS 5/122-1(c) (West 2000). The defendant claimed he demonstrated prejudice by the meritorious claims of ineffectiveness of appellate counsel he raised, which would escape review if leave to file a successive postconviction petition were not granted and thus violate his due process rights. 725 ILCS 5/122-1(f) (West 2004).

¶ 11 On May 21, 2009, the circuit court heard argument on the defendant's motion to reconsider the denial of his successive petition. The court characterized the defendant's motion to reconsider as a consolidated motion for leave to file a successive petition. The court denied the defendant's motion. The court vacated its order of July 14, 2004, leaving the order of May 21, 2009, as the only order in which leave to file was denied. The defendant timely appeals.

¶ 12                                              ANALYSIS

¶ 13 The defendant raises the threshold issue of the amount of showing he must make to satisfy the cause and prejudice test for filing a successive postconviction petition. He contends he need only present a "gist" of cause and prejudice to permit the filing. He relies on a decision from the Second District that first addressed this issue in great detail. *People v. LaPointe*, 365 Ill. App. 3d 914, 922-23 (2006), *aff'd on other grounds*, 227 Ill. 2d 39 (2007). The defendant argues he made a "gist" showing of cause and prejudice, which means the circuit court erred when it denied his motion for leave to file a successive postconviction petition. He asserts all the reasons given by the *LaPointe* appellate court decision in favor of the lower threshold "gist" standard to permit the filing of a successive petition.

¶ 14 The defendant asserts the circuit court's denial of leave to file a successive postconviction petition constituted error because it "completely foreclosed [him] from challenging his appellate counsel's actions in violation of his right to due process and to effective assistance of counsel." The defendant asserts he demonstrated cause to permit a successive petition because he was forced to file his initial postconviction petition while his direct appeal was pending or be barred from filing his petition by the three-year filing period in effect at the time. 725 ILCS 5/122-1(c), (f) (West 2004). The defendant contends he established prejudice, as he states in his main brief, "because *** appellate counsel's ineffectiveness [on direct appeal and appeal from the summary dismissal of] *** his initial petition precluded him from obtaining review of several potentially meritorious claims of

-4-

error at trial."

¶ 15    The State rejects the proposition that the gist threshold applies to the cause and prejudice test. The State takes the position that the supreme court's decision not to review the portion of the *LaPointe* opinion endorsing the gist standard for a cause and prejudice showing should be read as an implicit rejection of that standard. In *LaPointe*, the supreme court addressed only the defendant's contention that his successive petition was required to be docketed because the dismissal order was entered 91 days after the petition was stamped as filed by the clerk's office. *LaPointe*, 227 Ill. 2d at 42-44. At oral argument before this court, the State declined to take a position as to the threshold showing to satisfy the cause and prejudice test, other than to argue that a "gist" showing is insufficient to grant leave to file a successive petition. The State repeated its contention that a defendant must make "some showing" (greater than a gist) of both cause and prejudice to permit the filing of a successive petition under section 122-1(f) of the Act. As to the sufficiency of the defendant's "cause and prejudice" motion in this case, the State concedes the defendant "has established cause for his failure to include the claims he sought to raise in a successive postconviction petition in his original post-conviction petition." However, the State insists the defendant "has failed to demonstrate that his alleged claims so infected either his trial or his direct appeal that his resulting convictions violated due process" to satisfy the prejudice prong.

¶ 16    In 2004, the Illinois legislature amended the Act by adopting the cause and prejudice test for successive petitions first announced by the Illinois Supreme Court in *People v. Pitsonbarger*, 205 Ill. 2d 444 (2002). 725 ILCS 5/122-1(f) (West 2004). The Act was amended to reflect the legislature's intent to limit a defendant to a single postconviction petition, except where a possible due process violation compels the filing of a successive petition. See 725 ILCS 5/122-1(f) (West 2004). Successive petitions are discouraged because "the defendant has already had 'one complete opportunity to show a substantial denial of his constitutional rights.'" *People v. Free*, 122 Ill. 2d 367, 376 (1988) (quoting *People v. Logan*, 72 Ill. 2d 358, 370 (1978)); see also *People v. Mackey*, 229 Ill. App. 3d 784, 788 (1992).

¶ 17    The legislative intent to limit successive petitions is also reflected in the enactment of section 22-105 of the Code of Civil Procedure (735 ILCS 5/22-105 (West 2006)), which mandates the assessment of fees and costs when a postconviction petition is found to be frivolous and patently without merit. See *People v. Conick*, 232 Ill. 2d 132, 141 (2008) (purpose of section 22-105 is "to curb the large number of frivolous collateral pleadings filed by prisoners which adversely affect the efficient administration of justice, and to compensate the courts for the time and expense incurred in processing and disposing of them").

¶ 18    In *People v. Flores*, 153 Ill. 2d 264, 274 (1992), the supreme court noted the competing interests in assessing when successive postconviction petitions should be permitted to be filed.

    "On the one hand, there is the State's interest in providing a forum for the vindication of the petitioner's constitutional rights. On the other hand, the State has a legitimate interest in the finality of criminal litigation and judgments. 'Without finality, the criminal law is deprived of much of its deterrent effect.' The successive filing of post-conviction petitions plagues that finality." *Id*. (quoting *Teague v. Lane*, 489 U.S. 288, 309 (1989)).

¶ 19    Thus, the cause and prejudice test in section 122-1(f) of the Act balances the competing interests by limiting a successive petition only when its filing is necessary "to prevent a fundamental miscarriage of justice." *Pitsonbarger*, 205 Ill. 2d at 459. Section 122-1(f) requires that a defendant first obtain "leave of court" to institute a successive postconviction proceeding. 725 ILCS 5/122-1(f) (West 2004); *People v. Tidwell*, 236 Ill. 2d 150, 157 (2010). Indeed, a successive petition "is not considered 'filed' for purposes of section 122-1(f), and further proceedings will not follow, until leave is granted, a determination dependent upon a defendant's satisfaction of the cause-and-prejudice test." *Tidwell*, 236 Ill. 2d at 161; *People v. Wyles*, 383 Ill. App. 3d 271, 274 (2008) (the presentation of a second postconviction petition does not necessarily trigger review of its merits). Cause and prejudice must be shown before leave of court is granted to file a successive petition. 725 ILCS 5/122-1(f) (West 2004) ("Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure."). The 90-day statutory period within which the circuit court must rule or else trigger the automatic docketing of an initial postconviction petition for second-stage consideration does not apply to successive petitions until leave is granted to file the successive petition. *LaPointe*, 227 Ill. 2d at 44.

¶ 20    A defendant shows "cause" by identifying an objective factor external to the defense that impeded his efforts to raise his claim in the earlier proceeding. *People v. Pitsonbarger*, 205 Ill. 2d 444, 462 (2002). " 'Prejudice' exists where the defendant can show that the claimed constitutional error so infected his trial that the resulting conviction violated due process." *People v. Morgan*, 212 Ill. 2d 148, 154 (2004). The cause and prejudice test is to be applied to individual claims, not to the petition as a whole. *Pitsonbarger*, 205 Ill. 2d at 462.

¶ 21    Generally, Illinois courts have adhered to the "more exacting" cause and prejudice standard when assessing a motion for leave to file a successive postconviction petition. *Conick*, 232 Ill. 2d at 142; see also *People v. Tidwell*, 236 Ill. 2d 150, 156 (2010); *People v. Brown*, 225 Ill. 2d 188, 206 (2007); *People v. Pendleton*, 223 Ill. 2d 458, 476 (2006); *People v. Munoz*, 406 Ill. App. 3d 844, 850-51 (2010); *People v. McDonald*, 405 Ill. App. 3d 131, 135 (2010). The *Conick* court's juxtaposing the review of an initial petition under the " 'gist' standard" and "a proffered successive petition subject to the *more exacting* cause and prejudice standard" (emphasis added) (*Conick*, 232 Ill. 2d at 142), calls into question the declaration in the Second District's decision in *LaPointe* that "a section 122-1(f) motion need state only the gist of a meritorious claim of cause and prejudice." *LaPointe*, 365 Ill. App. 3d at 924. The supreme court's rejection in *LaPointe* that the 90-day period for docketing an initial petition applies to successive petitions also argues against the Second District's position. *LaPointe*, 227 Ill. 2d at 44 ("LaPointe's argument ignores the fact that the Act treats successive petitions differently than initial petitions.").

¶ 22    Given the clear pronouncements from the Illinois Supreme Court that the successive petitions are treated differently from initial petitions and that the cause and prejudice test is "more exacting" than a "gist" showing, we are unpersuaded by the Second District's conclusion that a gist showing of cause and prejudice is sufficient to permit the filing of a successive petition under section 122-1(f) of the Act. Nonetheless, we begin our examination of the defendant's showing in this appeal with the "gist" showing. If the defendant fails to

satisfy the "gist" standard, then it necessarily follows that he cannot meet a "more exacting" standard.

¶ 23    A gist is something more than a bare allegation, but something less than a fully stated claim. See *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). To satisfy the "gist" standard a *pro se* petition "must set forth some facts which can be corroborated and are objective in nature or contain some explanation as to why those facts are absent." *Delton*, 227 Ill. 2d at 254-55. See also *People v. Jones*, 399 Ill. App. 3d 341, 358 (2010) (where we noted that the supreme court's decision in *People v. Hodges*, 234 Ill. 2d 1, 11 (2009), resolved the "tension" between the "gist" standard and the legal standard of "frivolous or patently without merit").

¶ 24    In the instant appeal, the State concedes that a sufficient showing of the cause prong of the test has been satisfied here. It is fair to say that even if a substantial showing of cause were required, the defendant has met that burden. The defendant could not have raised his ineffective assistance of appellate counsel claims in his first postconviction petition given that he was forced to file his first petition while his direct appeal was pending. The defendant identified the statute of limitations then in existence as an "objective factor that impeded his *** ability to raise [this] specific claim during his *** initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2004).

¶ 25    As in most cases, the dispute before us concerns the showing of prejudice. The defendant has the burden to plead sufficient facts and submit supporting documentation sufficient to allow the circuit court to make its prejudice determination. As with an initial postconviction filing, in considering a motion for leave to file a successive petition, all well-pleaded facts and supporting affidavits are taken as true. *Pitsonbarger*, 205 Ill. 2d at 455. A court considering whether leave to file a successive petition should be granted must keep in mind that "the defendant has already had one complete opportunity to show a substantial denial of his constitutional rights." (Internal quotation marks omitted.) *Free*, 122 Ill. 2d at 376. We review *de novo* the circuit court's denial of leave to file a successive petition. *People v. McDonald*, 405 Ill. App. 3d 131, 135 (2010).

¶ 26    The defendant contends he was prejudiced by appellate counsel's omissions on two bases: (1) appellate counsel during his direct appeal failed to provide citations to the record or to authority in violation of Illinois Supreme Court Rule 341(h)(7) (eff. July 1, 2008) for certain arguments, which we ruled resulted in forfeiture of those issues in affirming his conviction and the summary dismissal of his initial postconviction petition; and (2) appellate counsel's failure to raise several "potentially meritorious claims of trial error and trial counsel's ineffectiveness." According to the defendant, the circuit court's denial of leave to file a successive postconviction petition violated his due process rights by foreclosing his challenge to appellate counsel's performance. The defendant contends, "Because each of these claims has an arguable legal and factual basis in the record, they are sufficient to demonstrate the gist of a claim under *Hodges*."

¶ 27    Problematic for the defendant, however, is that each of his contentions is founded on the trial court record. See *People v. Rogers*, 197 Ill. 2d 216, 222 (2001) (Illinois courts have "consistently upheld the dismissal of a post-conviction petition when the record from the

original trial proceedings contradicts the defendant's allegations").

¶ 28     His initial claim is that appellate counsel forfeited arguably meritorious claims by failing to provide this court with supporting citations, either to the record or case law, during the defendant's direct appeal. Given that appellate counsel at bar has the same record that was available to counsel on direct appeal, if meritorious issues were forfeited, it would seem an easy matter to provide us with that which appellate counsel in his first appeal failed to provide. Yet, we are provided with no supporting record citation or case law that purports to support the defendant's claim of ineffective assistance by the omissions of appellate counsel that resulted in the forfeiture of issues on direct appeal. Nor does our review of the record reveal such support.

¶ 29     As to his second claim, we are once again not provided with any record citation of the claimed "potentially meritorious claims of trial error and trial counsel's ineffectiveness" that appellate counsel on direct appeal failed to recognize and bring to our attention. The irony of such unsupported claims by appellate counsel in the instant appeal regarding claims against appellate counsel on direct appeal is not lost upon this court. Illinois Supreme Court Rule 341(h)(7) (eff. July 1, 2008) applies to this appeal as it did to the defendant's direct appeal. Without facts in the record to support arguments raised in the instant appeal, such arguments amount to no more than bare contentions, which do not merit consideration and are deemed forfeited. See *People v. Perea*, 347 Ill. App. 3d 26, 37 (2004) (defendants failed to articulate how their due process rights were violated). The defendant must demonstrate by citation to the record the "arguable" legal and factual bases, at a minimum, for his contentions of ineffectiveness of appellate counsel raised in his successive postconviction petition. A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented; this court is not a repository into which an appellant may foist the burden of argument and research; it is neither the function nor the obligation of this court to act as an advocate or search the record for error. *People v. Jacobs*, 405 Ill. App. 3d 210, 218 (2010). The defendant's bald contention that he was prejudiced by the performance of appellate counsel does not meet the standard of Rule 341(h)(7) (eff. July 1, 2008).

¶ 30     Forfeiture aside, we have the full record before us. No showing of prejudice can be made when it is clear from our review that appellate counsel on direct appeal exercised professional judgment in finding no support for those issues we concluded were forfeited on direct appeal. Nor do we find support in the record of "potentially meritorious claims of trial error and trial counsel's ineffectiveness" that were overlooked by appellate counsel on direct appeal. To the contrary, appellate counsel on direct appeal advocated, with supporting record citation and case law, those arguments that presented the best chance of success. "Appellate counsel is not obligated to brief every conceivable issue on appeal, and it is not incompetence of counsel to refrain from raising issues which, in his or her judgment, are without merit, unless counsel's appraisal of the merits is patently wrong." *People v. Easley*, 192 Ill. 2d 307, 329 (2000). The defendant has made no showing that "potentially meritorious claims" the defendant now contends should have been raised had a better chance of success than those actually pursued. Simply because the arguments raised on direct appeal were not successful does not mean the choice to pursue them, over possible others, fell outside "the wide range

of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

¶ 31 To succeed in his claim of prejudice, the defendant would also have to overcome the strong presumption that appellate counsel's representation was sound appellate strategy. While appellate counsel's decision as to which issues to raise is not beyond review by this court, a review favorable to the defendant depends on citation to the record and the presentation of legal authority to support proffered arguments. In the instant case, we are presented with not even a "gist" showing that prejudice to the defendant arose from appellate counsel's performance on direct appeal. We will not second-guess counsel's decision to pursue certain issues on direct appeal when nothing more than the defendant's bare contentions are offered to support his contention that "meritorious" issues were left undeveloped or omitted. See *Easley*, 192 Ill. 2d at 329 ("defendant has suffered no prejudice from counsel's failure to raise [nonmeritorious issues] on appeal").

¶ 32 No prejudice has been shown under the cause and prejudice test to warrant the filing of a successive petition for postconviction relief by this defendant. The defendant has failed to meet even the claimed minimum threshold level of a "gist" showing to permit the filing of a successive postconviction petition. See *People v. Anderson*, 375 Ill. App. 3d 121, 143 (2007) (defendant did not "state the gist of a meritorious claim of ineffective assistance of counsel, because his assertion *** is directly refuted by the record below"). Though it is clear that a substantial showing was made as to "cause," both prongs must be met before leave to file a successive petition will be granted. Here, where an insufficient showing of the prejudice prong was made, the cause and prejudice test has not been satisfied. *Pitsonbarger*, 205 Ill. 2d at 466-67.

¶ 33                                         CONCLUSION

¶ 34 The circuit court did not err in denying the defendant's motion for leave to file a successive postconviction petition, alleging ineffectiveness of appellate counsel. Under the facts of this case, the defendant failed to establish prejudice under section 122-1(f) of the Act. Accordingly, the cause and prejudice test has not been met.

¶ 35 Affirmed.