2023 IL App (1st) 220869-U

Order filed: March 31, 2023

FIRST DISTRICT
FOURTH DIVISION

No. 1-22-0869

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 13 CR 6857 |
| | ) | |
| MICHAEL REED, | ) | Honorable |
| | ) | Peggy Chiampas, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirmed the denial of defendant's motion for leave to file a successive postconviction petition because he failed to satisfy the prejudice component of the cause-and-prejudice test.

¶ 2    Defendant, Michael Reed, appeals the denial of his motion for leave to file a successive postconviction petition. We affirm as he failed to satisfy the prejudice component of the cause-and-prejudice test.

¶ 3    The State charged defendant with the attempted murder and aggravated battery of the victim, Michael Turner. At the bench trial, Turner testified that on October 10, 2012, he verbally

argued with defendant because he was upset at the amount of time defendant was spending with his girlfriend and children. Defendant showed a chrome gun and Turner retreated back to his own house, where he retrieved a .9 millimeter gun, moved the children to safety, and argued with his girlfriend. Turner subsequently went to his garage, placed his gun inside an unlocked cabinet, and entered his automobile. Turner noticed defendant standing on the passenger side of the vehicle, holding the chrome gun. Defendant fired at least five shots at him, with one of them hitting him in the face. Turner ran away, the police were called, and he was transported to the hospital. Turner subsequently picked defendant out of a lineup and identified him as the shooter.

¶ 4    Officer Kevin Norris, an evidence technician, testified that he arrived at the scene of the shooting and found three .45 caliber cartridge casings and a .9 millimeter gun. Forensic testing established that the three fired cartridge casings were all fired from the same weapon and were not fired from the .9 millimeter gun.

¶ 5    Defendant testified that he had a .45 caliber gun in his pocket when verbally arguing with Turner, but that he did not take it out. About an hour after the argument, defendant went inside Turner's garage to talk with him. Turner pulled a gun and aimed it at defendant. Fearing for his life, defendant pulled out his .45 gun and shot at least three times at Turner.

¶ 6    Following all the evidence, the trial court convicted defendant of attempted murder and aggravated battery and sentenced him to 35 years' imprisonment. Defendant's conviction was affirmed on direct appeal. See *People v. Reed*, 2018 IL App (1st) 152883-U.

¶ 7    Defendant filed a postconviction petition on February 14, 2019, alleging a number of ways in which his trial counsel provided ineffective assistance, including by twice asking the State for a "plea deal" without his consent. The postconviction court dismissed the petition at the first stage as frivolous and patently without merit.

¶ 8    On October 14, 2021, defendant filed a motion for leave to file a successive postconviction petition based on his trial counsel's alleged ineffectiveness in failing to tell him that prior to trial, the State had offered him 20 years in prison in exchange for his guilty plea. Defendant attached his own affidavit attesting that he would have accepted the State's 20-year plea offer had counsel made him aware of it prior to trial. Defendant also attached the affidavit of his brother, Deangelo James, attesting that after the trial, counsel told James that he regretted not relaying the State's 20-year plea offer to defendant. Counsel admitted that he had forgotten to tell defendant about the offer because "he had so much going on with complaints from other clients and being before the Illinois Attorney Registration and Disciplinary Commission." James attested that he asked counsel whether he would be willing to sign his own affidavit admitting to his failure to tell defendant about the plea offer, but counsel refused and further stated that if compelled to testify about the plea offer, he would invoke his right against self-incrimination.

¶ 9    On October 25, 2021, defendant's motion for leave to file a successive postconviction petition came before the court. The postconviction court stated for the record, "Petitioner granted leave to file successive petition for PC relief, so it will be order of court 11/19/21." No parties were present. On the criminal disposition sheet, the court wrote that it had granted defendant leave to file his successive petition for postconviction relief.

¶ 10    On February 25, 2022, with the State present but no one appearing for defendant, the case was called. The State informed the court, "This is the one that you asked me to get the court file, our court file, to see if there was an offer that was entered." The court responded,

> "All right. I was prepared to enter an order on [defendant], but in light of the fact I have some information that was presented by the State on this that I think I need to address, so I'm going to give it a date. Order of court 04/29/22 for motion on the defendant's motion."

¶ 11 On March 10, 2022, with the State present but no one appearing for the defense, the court entered an order finding that defendant had failed to satisfy the prejudice component of the cause and prejudice test for filing a successive postconviction petition. Accordingly, the court denied defendant leave to file his successive petition. Defendant appeals.

¶ 12 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a three-stage procedure for criminal defendants to raise constitutional issues about their trial or sentencing that could not have been raised on direct appeal. *People v. Morales*, 2019 IL App (1st) 160225, ¶ 17. At the first stage, the postconviction court evaluates the petition and determines whether it is frivolous or patently without merit. *Id.* If the court determines that the petition is not frivolous or patently without merit, it is docketed for second-stage proceedings, during which counsel can be retained or appointed, and defendant must show that his petition makes a substantial showing of a constitutional violation. *Id.* The State can participate for the first time at the second stage and either answer the petition or move to dismiss. *Id.* If the petition makes a substantial showing of a constitutional violation, it advances to the third-stage evidentiary hearing where the postconviction court receives evidence and determines whether defendant is entitled to relief. *Id.*

¶ 13 Section 122-1(f) of the Act states:

"(f) Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings

so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2020).

¶ 14    The Act contemplates the filing of a single petition: "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2020).Thus, section 122-1(f) provides an exception to this rule, permitting a successive petition, but only if defendant first obtains leave of court by making a *prima facie* showing of cause and prejudice for not having raised the errors in his initial postconviction petition. *Id.*; *People v. Bailey*, 2017 IL 121450, ¶ 15, ¶ 24.

¶ 15    As with an initial postconviction filing, in considering a motion for leave to file a successive petition, all well-pleaded facts and supporting affidavits are taken as true. *People v. Edwards*, 2012 IL App (1st) 091651, ¶ 25. Leave to file a successive petition should be denied where it is clear, from a review of defendant's petition and supporting documentation, that his claims fail as a matter of law or where the successive petition and supporting documentation are insufficient to justify further proceedings. *People v. Smith*, 2014 IL 115946, ¶ 35. We review *de novo* the postconviction court's denial of leave to file a successive petition. *Edwards*, 2012 IL App (1st) 091651, ¶ 25.

¶ 16    Our supreme court has held that "the cause-and-prejudice test for a successive petition involves a higher standard than the first-stage frivolous or patently without merit standard that is set forth in section 122-2.1(a)(2) of the Act." *Smith*, 2014 IL 2014 115946, ¶ 35. "Since a filed successive petition has already satisfied a higher standard, the first stage is rendered unnecessary and the successive petition is docketed directly for second-stage proceedings." *People v. Morrow,* 2019 IL App (1st) 161208, ¶ 48.

¶ 17    In the instant case, defendant argues that on October 25, 2021, the postconviction court entered an order granting him leave to file his successive petition, and therefore that the petition automatically advanced to the second stage such that he should have been appointed counsel. Defendant contends that the court's failure to appoint him counsel at the second stage of the proceedings necessitates a remand for new second-stage proceedings with appointed counsel.

¶ 18    Defendant's contention is without merit, because the court made no express determination on October 25, 2021, as to whether each individual claim in the successive petition met the cause-and-prejudice test. Without such an express determination, the successive petition was not deemed filed under the Act on October 25, 2021, and did not advance to the second stage. *People v. Ford*, 2022 IL App (1st) 211538, is informative. In *Ford*, the defendant filed a motion for leave to file a successive postconviction petition. *Id.* ¶ 3. The postconviction court "allowed" the petition, appointed counsel to represent the defendant, and advanced the petition to the second stage without ever expressly finding that the defendant met the cause-and-prejudice test. *Id.* The appellate court held that "[t]his procedure of allowing the petition and advancing it to the second stage without an express ruling on cause and prejudice was improper, and the postconviction court was without authority to consider the merits of the petition, which technically still has not been 'filed,' without such a determination." *Id.* ¶ 5. See also *People v. Thames*, 2021 IL App (1st) 180071, ¶¶ 84-85, ¶ 91 (holding that without an express cause-and-prejudice ruling, the successive petition is not deemed filed and second-stage proceedings cannot commence).

¶ 19    In the present case, the absence of an express cause-and-prejudice ruling on October 25, 2021, requires us to find that the successive petition is not deemed filed on that date, regardless of the language in the court's order indicating that it had granted defendant leave to file. The postconviction court made no express determination regarding cause and prejudice until March

10, 2022, when it entered an order denying defendant's motion for leave to file the successive petition, expressly finding that the successive petition *failed* to satisfy the cause-and-prejudice test. As the successive petition failed the cause-and-prejudice test, it never advanced to the second stage. Accordingly, the appointment of counsel was not required.

¶ 20 Defendant argues that *Ford* and *Thames* run afoul of *People v. Tidwell*, 236 Ill. 2d 150 (2010), which held that no express ruling on the cause-and-prejudice test is necessary prior to advancing the successive petition to the second stage. Defendant mischaracterizes *Tidwell*. In *Tidwell*, the defendant was convicted of attempted first degree murder and aggravated battery with a firearm and sentenced to 55 years' imprisonment. *Id.* at 153. Defendant filed a *pro se* postconviction petition alleging ineffective assistance of counsel, which was dismissed at the first stage. *Id.*

¶ 21 The circuit clerk later received a successive *pro se* postconviction petition. *Id.* The defendant did not file a motion for leave to file the successive petition. *Id.* at 154. The postconviction court nonetheless considered the allegations of defendant's successive petition as they bore upon the threshold issue of cause and prejudice, and ultimately issued a six-page order concluding that defendant failed to satisfy the cause-and-prejudice test. *Id.*

¶ 22 On appeal to the supreme court, the pertinent issue was "whether a motion or request is required to obtain a ruling allowing or denying leave to file a successive postconviction petition under section 122-1(f)." *Id.* at 156. The supreme court held:

> "Section 122-1(f) speaks to a required showing on the part of a defendant, and the necessity of action on the part of the circuit court, but it does not explicitly *or* necessarily mandate the filing of a motion as a prerequisite to, or the impetus for, court action. Thus, where as here a court is given the authority to grant leave, it *may* do so *sua sponte*, after finding

satisfaction of the stated statutory criteria (here cause and prejudice); however, it is not *required* to act in the absence of a motion or request. Either way, until such time as leave is granted, a successive petition, though received or accepted by the circuit clerk, will not be considered 'filed' for purposes of further proceedings under the Act." (Emphasis in the original.) *Id.* at 158.

¶ 23    Thus, contrary to defendant's argument here, *Tidwell* held only that even in the absence of a motion for leave to file a successive postconviction petition, the postconviction court may make a *sua sponte* determination of whether the successive petition meets the cause-and-prejudice test. If the court finds that the successive petition meets the cause-and-prejudice test, it may then grant leave to file. The *Tidwell* court never held that the circuit court can grant leave to file a successive postconviction petition in the absence of an express finding that the successive petition meets the cause-and-prejudice test.

¶ 24    As the circuit court in the present case made no express finding on October 25, 2021, that the successive petition satisfied the cause-and-prejudice test, and instead found on March 10, 2022, that it did not satisfy the test, the successive petition is not considered as having ever been filed or having advanced to the second stage and therefore no appointment of counsel was necessary.

¶ 25    Next, defendant contends that we should reverse and remand for a new cause-and-prejudice determination because the State "influenced the [postconviction] court's determination" by providing it with a court file to confirm whether a plea offer had been made to defendant prior to trial. In support, defendant cites *Bailey*, 2017 IL 121450, in which the supreme court held that "the State should not be permitted to participate at the cause and prejudice stage of successive postconviction proceedings [because] the Act contemplates an independent determination by the [postconviction] court." *Id.* ¶ 24. The *Bailey* court found that the State had improperly participated

-8-

at the cause-and-prejudice stage, but it did not reverse and remand for further proceedings. Instead, "[i]n the interest of judicial economy," the court reviewed the defendant's motion for leave to file his successive petition and found no cause for remand because defendant had not satisfied the cause and prejudice requirement. *Id.* ¶¶ 41-42. See also *People v. Lusby*, 2020 IL 124046, ¶ 29 (which cited *Bailey* and reviewed the merits of defendant's motion for leave to file a successive petition, in the interest of judicial economy, where the State had improperly participated at the cause-and-prejudice stage). In accordance with *Bailey* and *Lusby*, we similarly review the merits of defendant's motion in the interest of judicial economy and, for the reasons that follow, we find that defendant failed to satisfy the prejudice component of the cause-and-prejudice test.

¶ 26    Prejudice is shown by "demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f)(West 2020). In a claim of ineffective assistance for failing to inform defendant of a plea offer, defendant must demonstrate prejudice by showing with a reasonable probability that he would have accepted the plea offer; and that the plea offer would have been entered without the prosecution rescinding the offer or the trial court refusing to accept the agreement. *People v. Jellis*, 2016 IL App (3d) 130779, ¶ 29.

¶ 27    Defendant's self-serving affidavit attesting that he would have accepted the plea offer is not sufficient to show the requisite prejudice; he also must show some independent, objective evidence that he would have accepted the offer had counsel made him aware of it. *People v. Hale*, 2013 IL 113140, ¶ 18. Evidence that defendant's case was "weak" and that there was a disparity between the sentence he faced and a "significantly shorter plea offer" can be considered supportive of his claim of prejudice. *Id.* ¶ 18, ¶ 25. Any statements by defense counsel corroborating defendant's claim that he would have accepted the plea offer also may be considered. *Id.* ¶ 25.

¶ 28    In support of his claim of prejudice, defendant here points to the weakness of the self-defense claim in his case, the 15-year disparity between the offer of 20 years' imprisonment and his actual sentence of 35 years, and his defense counsel's alleged admission that he regretted not informing defendant about the offer. Based on this evidence of prejudice, defendant contends that he has shown a reasonable probability that he would have accepted the State's 20-year plea offer instead of risking a higher sentence by proceeding to trial on his weak case.

¶ 29    However, as aptly noted by the postconviction court, defendant's claim that he was prejudiced by counsel's failure to inform him of the plea offer is undercut by his initial petition, in which he indicated that he was unwilling to entertain any plea deals and instead wanted to proceed with trial. Specifically, in his initial petition, defendant alleged that his counsel provided ineffective assistance, not for failing to inform him of a plea deal, but instead for twice asking the State for a plea deal without his consent. The position defendant took in his initial petition, that he was not willing to entertain a plea deal, contradicts his assertion in his successive petition that he would have accepted the State's plea deal and its concomitant 20-year prison term had he been informed of it. On this record, we cannot say that defendant has shown a reasonable probability that he would have accepted the State's plea deal, and as such, he has failed to make a *prima facie* case of prejudice based on his counsel's failure to inform him of the plea offer prior to trial. Accordingly, we affirm the denial of defendant's motion for leave to file a successive postconviction petition.

¶ 30    Defendant argues that by considering and crediting the position he took in his initial petition, that he did not want to consider any plea offers, the postconviction court effectively made a credibility determination that is foreclosed at the leave-to-file stage. See *People v. Brandon*, 2021 IL App (1st) 172411, ¶ 43 (the court is precluded from making factual and credibility

-10-

determinations at the leave-to-file stage). Defendant's argument is without merit, as the postconviction court did not make any determinations as to the relative credibility of the assertions in his initial and successive petitions. Rather, the court correctly recognized that defendant has taken two different positions regarding whether or not he would have entertained and accepted any plea offers and, as such, that he has failed to show a reasonable probability that he would have accepted the State's plea deal with its 20-year prison term had counsel made him aware of it. Accordingly, defendant has failed to make a *prima facie* case that he was prejudiced by his counsel's failure to inform him of the plea deal and therefore we affirm the denial of his motion for leave to file the successive postconviction petition.

¶ 31    For all the foregoing reasons, we affirm the circuit court. As a result of our disposition of this case, we need not address whether defendant's successive petition met the cause component of the cause-and-prejudice test.

¶ 32    Affirmed.