**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250257-U

Order filed June 15, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| MONIKA MORO, | ) | Du Page County, Illinois, |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | Appeal No. 3-25-0257 |
| and | ) | Circuit No. 17-D-931 |
| | ) | |
| MIROSLAV MORO, | ) | Honorable |
| | ) | James F. McCluskey, |
| Respondent-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Presiding Justice Hettel and Justice Anderson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The court erred by determining that prior orders were dispositive of petitioner's motion to award back pay of calculated maintenance and child support and in denying the motion on that basis. The court further erred by denying or dismissing petitioner's remaining petitions or motions on the same basis.

¶ 2     Petitioner, Monika Moro, appeals the Du Page County circuit court's order denying or dismissing her (1) motion to award back pay of calculated maintenance and child support, (2) motion for contempt, (3) petition for financial relief, and (4) petition for rule to show cause and

granting respondent, Miroslav Moro's motions to dismiss her motion for contempt and petition for rule to show cause. The court found that prior orders were dispositive of the issues raised by Monika. Monika argues that the prior orders did not finally calculate the total amount of maintenance and child support owed. We vacate the order and remand for further proceedings.

¶ 3                                I. BACKGROUND

¶ 4        This matter involves the litigation of various post-dissolution motions and petitions filed by Monika. Monika and Miroslav entered into a marital settlement agreement which was incorporated into the judgment of dissolution entered on August 8, 2019. The agreement required Miroslav to pay child support and maintenance to Monika. In setting the amount of maintenance, the agreement imputed income to Monika. The agreement included a "true up" provision for child support and maintenance based on their current annual incomes and was to be calculated using the law in effect at the time.

¶ 5        Monika filed a petition for rule to show cause alleging that Miroslav failed to comply with certain provisions of the agreement regarding maintenance. She also filed a motion to award college expenses for one of their children.

¶ 6        On May 30, 2024, the court granted Monika's motion to award college expenses. The court ordered Miroslav to pay 50% of the amounts due after application of the child's scholarship. Miroslav was also ordered to pay living expenses for the child while he was a full-time college student. In doing so, the court imputed "full-time minimum wage income to [Monika] in the amount of $2,426.66 [per month]." The court granted the petition for rule to show cause and set the matter for hearing on June 12, 2024. On that date, the court issued a mittimus for contempt for Miroslav's willful failure to pay approximately $24,000 in maintenance and/or child support. The transcript from the June 12, 2024, hearing indicates that

2

the amount of $24,000 was a "ballpark" estimate by the court of the amount owed according to Monika. The mittimus provided that Miroslav could purge the contempt by paying $24,000. The court also entered an order dated June 12, 2024, stating that Monika was to calculate the exact amount of child support and maintenance owed if the marital settlement agreement had been followed. The transcript from June 12, 2024, shows that the court stated it was going to have Monika provide her calculation of the amount owed to Miroslav, in the hopes that the parties could agree on a number. The court noted that if the parties did not agree, the court would make a ruling as to "the exact number, but the contempt finding stands."

¶ 7 On July 11, 2024, Monika filed a motion "to Award back pay of calculated Maintenance and Child Support." This motion included a calculation of maintenance and child support owed and stated that Monika had been asked to perform a recalculation of the court's June 12, 2024, order. The court entered an order on July 16, 2024, requesting that the circuit court clerk provide Monika with the $24,000 check received from Miroslav. The court also ordered the parties to return on July 23, 2024, for a status hearing on the satisfaction of the contempt purge and on August 6, 2024, for a status hearing on an agreement regarding unpaid maintenance. On July 23, 2024, the court confirmed that Monika received the check for $24,000. Additionally, the court stated that the parties would be back in court on August 6, 2024, "to work out exactly the math." The court entered an order on July 23, 2024, stating that the purge of $24,000 had been satisfied and ordered that the rule to show cause was discharged and dissolved. The order noted that the August 6, 2024, hearing would remain on the court's docket.

¶ 8 On July 30, 2024, Monika filed a "motion for contempt" stating that Miroslav had not paid the entire amount of past due maintenance. It further argued that although he had paid $24,000, he failed to provide other amounts due. On August 6, 2024, the matter was reassigned

3

to a different court and continued to August 20, 2024, for a status hearing. On September 30, 2024, Monika filed a petition for rule to show cause, arguing that Miroslav failed to pay 50% of their son's college expenses that were not covered by his scholarship, as previously ordered. On that date, Monika also filed a motion for financial relief seeking past due maintenance amounts, along with interest and attorney fees.

¶ 9 Miroslav filed a motion to dismiss Monika's "motion for contempt," arguing that the action was barred by the prior order on the contempt proceedings pursuant to which Miroslav paid $24,000. The motion indicated that the parties were currently resolving the amounts, if any, that might still be owed. Miroslav also filed a motion to dismiss Monika's petition for rule to show cause, arguing that the petition failed to state a cause of action.

¶ 10 The court held an evidentiary hearing on all pending motions and petitions. On April 25, 2025, the court issued its decision. The court set forth the issues to be decided as: (1) whether Monika was entitled to back payment of calculated maintenance and child support or whether her motion seeking such an award was barred by a prior judgment; (2) if the motion was barred by a prior judgment, should Monika's motion for contempt and petition for rule to show cause be dismissed; and (3) if Monika's motion was barred by a prior judgment, should her motion for financial relief be dismissed.

¶ 11 The court determined that the evidence showed that a rule to show cause had previously issued, requiring Miroslav to pay child support and maintenance in the amount of $24,000 and that a purge for that amount was set. The evidence further showed that on July 23, 2024, the court found that the purge of $24,000 was satisfied and discharged and dissolved the rule to show cause. The court found that the prior judge had imputed income to Monika in the amount of $2,426.66 per month/$29,119.22 per year. The court found that the prior judge set the purge of

4

$24,000 for amounts owed by Miroslav for child support and maintenance and that maintenance was calculated based on Miroslav's income of $123,000 and Monika's imputed income of $29,119.92. The court further found that the purge was satisfied by Miroslav and the prior judge discharged and dissolved the rule to show cause. The court denied Monika's motion to award back pay of calculated maintenance and child support because it found that the court's June 12, 2024, and July 23, 2024, orders were dispositive as to the issues of past due child support and maintenance. The court stated that the motion was denied pursuant to section 5/2-619(4) of the Code of Civil Procedure (735 ILCS 5/2-619(4) (West 2024)). Based upon that order and its findings, the court denied Monika's remaining motions and petitions and also granted Miroslav's motions to dismiss. Monika appeals.

¶ 12                                    II. ANALYSIS

¶ 13        Initially, we note that Miroslav has not filed an appellee's brief. When an appellee's brief is not filed, the court (1) may act as an advocate for the appellee if justice requires; (2) should decide the merits of the appeal "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief"; or (3) may reverse the trial court "if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record." *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 14        Monika argues that the court erred by denying her motions when it found that the court's prior orders setting a purge amount and finding the purge satisfied were dispositive as to the issues of past due child support and maintenance. We proceed to decide the merits of this issue, as it can easily be decided without the aid of an appellee's brief.

5

¶ 15        A cause of action may be dismissed when it "is barred by a prior judgment." 735 ILCS 5/2-619(4) (West 2024). Here, the court found that Monika's motions and petitions were barred by the court's prior orders, as those orders were dispositive as to the issues of past due child support and maintenance. However, the record shows that the prior judge did not make a final ruling as to the past due amounts owed. Instead, the court set further proceedings to make that determination; but, before the court could make a determination, the case was transferred to a different courtroom and the issue was never ruled upon. Thus, the prior orders were not dispositive as to the issues of past due child support and maintenance. As such, the prior orders could not be a bar to Monika's petitions and motions seeking a ruling as to the amount of past due maintenance and child support, if any, and seeking to recover any amounts owed. Additionally, we note that Monika's September 30, 2024, petition for rule to show cause essentially sought to enforce the court's May 30, 2024, order regarding college expenses, such that it is unclear how it could be barred by the June 12, 2024, and July 23, 2024, orders where neither order dealt with that issue. Based on the foregoing, we vacate the court's April 25, 2025, order denying and/or dismissing Monika's motions and petitions and granting Miroslav's motions to dismiss. We remand the matter for further proceedings.

¶ 16        To the extent Monika has attempted to raise additional arguments not specifically addressed herein, we conclude that she has not sufficiently set forth her arguments with proper legal support. Essentially, Monika's brief presents in a rambling manner, without cohesive argument based on legal authority. While Monika's brief does cite some legal authority, she largely fails to set forth what that authority provides and how it supports an argument that the court below erred. Thus, we consider these purported arguments forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing that argument must "contain the contentions of the

appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on" and that "[p]oints not argued are forfeited"); *People v. Edwards*, 2012 IL App (1st) 091651, ¶ 29 ("A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented; this court is not a repository into which an appellant may foist the burden of argument and research; it is neither the function nor the obligation of this court to act as an advocate or search the record for error.")

¶ 17                                                    III. CONCLUSION

¶ 18            The judgment of the circuit court of Du Page County is vacated and the matter remanded for further proceedings.

¶ 19            Vacated and remanded.