NOTICE

Decision filed 02/21/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 160103-U

NOS. 5-16-0103 & 5-16-0137 (cons.)

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 05-CF-1784 |
| | ) | |
| GARY D. WINGATE, | ) | Honorable |
| | ) | John Baricevic, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Overstreet and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in denying the defendant leave to file a successive petition for postconviction relief, and any argument to the contrary would lack merit, and therefore the defendant's appointed attorney on appeal is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2    This case comes before this court for the third time. The defendant, Gary D. Wingate, appeals from an order denying his motion for leave to file a successive petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). The defendant's appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that the appeal lacks merit. Accordingly, OSAD has filed a motion to withdraw as counsel for the defendant, along with a brief in support of the motion. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has provided the defendant with a copy of its *Finley* motion and

1

brief. This court has provided him with ample opportunity to file a written *pro se* brief, memorandum, etc., responding to OSAD's motion or explaining why this appeal has merit, but the defendant has not taken advantage of that opportunity. Having read OSAD's *Finley* motion and brief, and having examined the entire record on appeal, this court concludes that the instant appeal does indeed lack merit. There is no potential ground for appeal. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 3                                    BACKGROUND

¶ 4     In December 2005, a St. Clair County grand jury returned a three-count indictment charging the defendant with first-degree murder, aggravated discharge of a firearm, and aggravated unlawful use of a weapon. All three charges stemmed from the shooting death of Darlene Russell. On the defendant's motion, the charge of aggravated unlawful use of a weapon was severed from the other two charges. In October 2006, the cause proceeded to a jury trial on the charges of first-degree murder and aggravated discharge of a firearm. The jury found the defendant guilty of both charges. Subsequently, the circuit court found that the aggravated-discharge-of-a-firearm count merged into the first-degree-murder count, and the court sentenced the defendant to imprisonment for a term of 50 years for first-degree murder. On direct appeal, this court affirmed the judgment of conviction. *People v. Wingate*, No. 5-09-0267 (2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5     In October 2011, the defendant filed a *pro se* petition for postconviction relief, wherein he presented a claim of actual innocence based on newly discovered evidence. The circuit court appointed postconviction counsel, who filed an amended petition and a second amended petition, which included the actual-innocence claim, among others. The State filed a motion to dismiss the second amended postconviction petition. After a hearing, the circuit court granted the State's

motion and dismissed the defendant's petition. On appeal, this court affirmed the dismissal order. *People v. Wingate*, 2015 IL App (5th) 130189.

¶ 6    On February 19, 2016, the clerk of the circuit court file-stamped the defendant's *pro se* "petition for successive post-conviction relief." The claims in that petition, restated by this court, were as follows: (1) trial counsel provided constitutionally ineffective assistance (i) by failing to contact Craig Hopkins, an eyewitness to the shooting, even though the defendant had informed counsel of Hopkins's existence, (ii) by failing to request a fitness hearing for the defendant, even though the defendant was "hearing voices and seeing things" at the time of trial, (iii) by failing to investigate the defendant's history of mental illness, and (iv) by failing to present evidence of the defendant's "character, personality, mental ability or up-bringing to put his actions into some perspective"; (2) "there was evidence to support the jury instruction on involuntary manslaughter do [*sic*] to the affidavit of Jeff Mosely, Torrion Hopkins," and the testimony of "Jeff Mosley", by itself, would have "support[ed] the defendant on self-defense or second degree murder or involuntary manslaughter"; (3) "the trial court abused its discretion by not removing juror Lee off the trial, because juror Lee said 'I'd have a problem saying not guilty based on a very minor technicality like you see on the T.V.' "; (4) "he could have proved actual innocence based on newly discovered evidence, because defendant is actually innocent of first-degree murder but may be guilty of a less [*sic*] included offense of involuntary manslaughter"; and (5) "if the jury would have heard the testimony of Jeff Mosley *** his testimony alone would have definitely support [*sic*] the defendant on self-defense or involuntary manslaughter." In addition, the defendant explained that he did not raise those claims in his first postconviction proceeding because (1) appointed postconviction counsel had given him "erroneous advice" and (2) "evidence supporting the claims arose subsequent to all prior determination", and he asserted that "witness [*sic*] exculpatory

3

affidavits were sufficient to entitle defendant to file a successive post-conviction petition." The defendant referenced the cause-and-prejudice test, which is applicable to a defendant's motion for leave to file a successive postconviction petition, and he asked the circuit court to grant him leave to file his petition.

¶ 7    Attached to the successive postconviction petition was a single affidavit—the defendant's. In his affidavit, the defendant stated that he had "read and subscribed the foregoing motion for leave to file successive post-conviction petition, and that the facts stated therein are true and correct to the best of my knowledge and belief." Despite the wording of the defendant's affidavit, no motion for leave to file a successive postconviction petition accompanied the defendant's successive petition.

¶ 8    On February 23, 2016, the circuit court entered a brief written order stating that the defendant had filed "a request to file a successive postconvicion petition." The court found that the claims presented in the successive petition "could have been brought in the initial petition and there is no demonstration of cause for failure to bring those claims at that time." At the bottom of its order, the court ruled, "Petition Denied."

¶ 9    On March 9, 2016, approximately two weeks after the circuit court denied him leave to file his successive petition, the defendant filed a *pro se* motion for leave to file a successive postconviction petition. The motion had been signed and notarized on January 28, 2016. The motion was accompanied by a "memorandum of law" in support of the motion. In the motion, the defendant sought leave to file "the following successive post-conviction petition." In the accompanying memorandum, he requested permission to file "the attached" successive postconviction petition. No successive postconviction petition was attached to, or accompanied, the motion and memorandum. (It would appear that the defendant had intended to mail his motion

4

and his "memorandum of law" at the same time that he mailed the successive postconviction petition that was received by the circuit clerk on February 19, 2016.)  In his memorandum, the defendant addressed the issues of cause and prejudice, but not in an altogether clear fashion.  He certainly suggested that his failure to raise his claims earlier was due primarily to poor performance on the part of his appointed attorney in the first postconviction proceeding.  He also suggested that other factors, including poor performance by his appointed direct-appeal counsel, his own lack of legal knowledge, and confusion in the law regarding successive postconviction petitions, contributed to his failure to raise his claims earlier.  The defendant also seemed to suggest that the circuit court, even if it concluded that he had failed to satisfy the cause-and-prejudice test, should allow him to file a successive petition, due to the magnitude of the alleged errors in his case and the harshness of his sentence.

¶ 10    On March 15, 2016, the circuit court entered a written order stating that it would construe the defendant's motion for leave to file a successive postconviction petition as a motion to reconsider the order that the court had entered on February 23, 2016.  The court stated that nothing in the defendant's (as-construed) motion to reconsider had altered its previous conclusion that the defendant had failed to establish cause for his failure to raise his would-be postconviction claims in the initial postconviction petition.  Accordingly, the court denied the defendant's motion.  The defendant perfected the instant appeal.

¶ 11                                            ANALYSIS

¶ 12    This appeal is from an order denying the defendant's motion for leave to file a successive postconviction petition.  This court will review the order *de novo*.  See *People v. Edwards*, 2012 IL App (1st) 091651, ¶ 25.  As previously mentioned, the defendant's appointed counsel on appeal, OSAD, has filed a *Finley* motion to withdraw, on the ground that this appeal lacks merit.

5

¶ 13 The Act provides a mechanism by which a criminal defendant may assert that his conviction was the result of a substantial denial of his constitutional rights. 725 ILCS 5/122-1 (West 2016); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). A postconviction proceeding is a collateral attack upon a conviction or sentence; it is not an opportunity to relitigate innocence or guilt. *People v. Evans*, 186 Ill. 2d 83, 89 (1999). Therefore, any issue considered by the court on direct appeal is barred by the doctrine of *res judicata*, and any issue that could have been raised on direct appeal, but was not raised, is forfeited. *People v. West*, 187 Ill. 2d 418, 425 (1999).

¶ 14 In general, a defendant may file only one postconviction petition in any particular criminal case. 725 ILCS 5/122-1(f) (West 2016); *People v. Davis*, 2014 IL 115595, ¶ 14. However, he may file a second or successive postconviction petition upon obtaining leave of the circuit court. 725 ILCS 5/122-1(f) (West 2016); *People v. Edwards*, 2012 IL 111711, ¶ 24. The circuit court must grant such leave only if the defendant (1) "shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings," and (2) "shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2016). The defendant is required to satisfy both prongs of this cause-and-prejudice test if he is to obtain leave to file his successive postconviction petition. *People v. Guerrero*, 2012 IL 112020, ¶ 15. A failure to establish either of the two prongs will result in a denial of leave to file the successive petition. See *People v. Brown*, 225 Ill. 2d 188, 207 (2007) (if one prong of the cause-and-prejudice test has not been established, the other prong need not be considered).

¶ 15 When faced with a defendant's motion for leave to file a successive postconviction petition, a court takes as true all of the defendant's well-pleaded factual allegations, as well as his supporting

6

affidavits, unless they are positively rebutted by the record of the original trial proceedings. *People v. Pitsonbarger*, 205 Ill. 2d 444, 467 (2002). At this point, the court merely conducts "a preliminary screening" aimed at determining whether the motion "adequately alleges facts" that make "a *prima facie* showing of cause and prejudice." *People v. Bailey*, 2017 IL 121450, ¶ 24. The cause-and-prejudice test applies to the claims that the defendant raises in his successive petition, not to the petition as a whole, and therefore the defendant must establish cause and prejudice as to each individual claim. See *Pitsonbarger*, 205 Ill. 2d at 462.

¶ 16 A careful consideration of the individual claims asserted in the defendant's successive postconviction petition reveals that OSAD was right to conclude that this appeal lacks merit.

¶ 17 As noted *supra*, the defendant's successive postconviction petition included claims that trial counsel had provided constitutionally ineffective assistance (i) by failing to contact Craig Hopkins, an eyewitness to the shooting at issue, (ii) by failing to request a fitness hearing for the defendant, (iii) by failing to investigate the defendant's history of mental illness, and (iv) by failing to present evidence of the defendant's "character, personality, mental ability or up-bringing to put his actions into some perspective." An ineffective-assistance claim requires a showing of both objectively unreasonable performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶ 18 A postconviction claim that a trial attorney failed to investigate or call a witness must be supported by an affidavit from the proposed witness, or by other evidence attached to the petition, or by the record. *People v. Dupree*, 2018 IL 122307, ¶ 34. Here, the defendant did not support his claim with an affidavit from Craig Hopkins or with other evidence attached to the petition, and nothing in the record supports the claim. This court has no way of knowing what Craig Hopkins

witnessed or how he might have testified at the defendant's trial, let alone whether or how his testimony may have affected the outcome of the trial. Further review of this claim is unnecessary.

¶ 19 The claims that trial counsel was ineffective for failing to request a fitness hearing or for failing to investigate the defendant's mental-illness history are precluded by the doctrines of *res judicata* and forfeiture. See *People v. Blair*, 215 Ill. 2d 427, 443 (2005). In 2008, during a hearing on the defendant's posttrial motion, the circuit court explored the factual matters underlying these two claims. The 2008 hearing ended with the circuit court's finding that the defendant, during his October 2006 trial, was in fact fit. On direct appeal, this court concluded that the finding of fitness was not contrary to the manifest weight of the evidence, and that the defendant had failed to establish that trial counsel was ineffective for not seeking a fitness examination prior to trial. See *People v. Wingate*, No. 5-09-0267 (2010) (unpublished order under Illinois Supreme Court Rule 23), at 10-11. The defendant did not attach to his successive postconviction petition, or to his motion for leave to file the successive petition, any evidence that he was unfit for his trial. These two claims were either raised, or could have been raised, on direct appeal.

¶ 20 As for the claim that trial counsel was ineffective for failing to present evidence of the defendant's "character, personality, mental ability or up-bringing to put his actions into some perspective," the defendant did not even bother to specify or describe what sort of evidence might have been available, let alone its possible effect at trial. No affidavit or other evidence supported this claim.

¶ 21 The defendant also claimed in his successive petition that "there was evidence to support the jury instruction on involuntary manslaughter do [*sic*] to the affidavit of Jeff Mosely, Torrion Hopkins," and the testimony of "Jeff Mosley," by itself, would have "support[ed] the defendant

8

on self-defense or second degree murder or involuntary manslaughter."  Neither Jeff Mosely nor Torrion Hopkins testified at the defendant's trial.  In a posttrial motion, the defendant alleged that trial counsel had been ineffective in failing to call Torrion Hopkins as a witness.  The circuit court held a hearing on that issue, a hearing at which Torrion Hopkins testified, and the court afterward denied the posttrial motion.  In the defendant's direct appeal, this court determined that it was improbable that Torrion Hopkins's testimony would have changed the trial's result, and therefore the defendant could not demonstrate that prejudice resulted from trial counsel's alleged error in failing to call Torrion Hopkins as a trial witness.  *People v. Wingate*, No. 5-09-0267 (2010) (unpublished order under Illinois Supreme Court Rule 23), at 12.  As for Jeff Mosely (or Mosley), he was the subject of the defendant's first postconviction petition, a petition that the circuit court dismissed, on the State's motion, in March 2013.  This court affirmed that dismissal.  See *People v. Wingate*, 2015 IL App (5th) 130189.  Clearly, the claims regarding Jeff Mosely (or Mosley) and Torrion Hopkins are rehashed from earlier proceedings and are *res judicata*.

¶ 22    The defendant claimed that the trial court abused its discretion by "not removing juror Lee off the trial" due to a particular comment she made during *voir dire*.  Obviously, the facts underlying this claim were known to the defendant at the time of trial.  In his successive postconviction petition, and in his motion for leave to file that petition, the defendant did not attempt to explain why he could not have raised this type of issue previously.  Furthermore, the juror to whom the defendant refers, who was juror number 32, was in fact dismissed for cause.  The State asked the court to remove her for cause and, without objection by the defendant, the court did remove her.

¶ 23    The defendant claimed that "he could have proved actual innocence based on newly discovered evidence, because defendant is actually innocent of first-degree murder but may be

9

guilty of a less [*sic*] included offense of involuntary manslaughter." A freestanding claim of actual innocence, basesd on newly discovered evidence, certainly may be asserted in a postconviction petition. See, *e.g.*, *People v. Morgan*, 212 Ill. 2d 148, 154 (2004). If such a claim is asserted in a successive petition, the defendant is excused from showing cause and prejudice. *People v. Ortiz*, 235 Ill. 2d 319, 330 (2009). However, any defendant who asserts such a claim must describe what the newly discovered evidence is; otherwise a court will have no way of determining whether the evidence truly is newly discovered, or whether it is material and noncumulative, or whether it is of such a conclusive character that it would probably change the result of retrial. See *People v. Harris*, 206 Ill. 2d 293, 301 (2002) (describing the three requirements for evidence offered in support of an actual-innocence claim). Here, the defendant did not even hint at the nature of his alleged newly discovered evidence. As a matter of law, the defendant did not set forth a colorable claim of actual innocence. The defendant's complete lack of affidavits or other evidence to support his actual-innocence claim is also fatal to the claim in a postconviction proceeding. See *People v. Collins*, 202 Ill. 2d 59, 66 (2002).

¶ 24 The circuit court did not err in denying the defendant leave to file his successive postconviction petition. In the successive petition itself, the defendant requested leave to file the petition, and he addressed the issues of cause and prejudice. The defendant was free to address those issue in the successive petition itself; he did not need to file a separate motion for leave to file the successive petition. See *People v. Tidwell*, 236 Ill. 2d 150, 162 (2010) (the request for leave to file a successive postconviction petition may be made through a separate motion or in the successive petition itself). However, as the circuit court noted in its order of February 23, 2016, the defendant completely failed to establish the cause prong. The defendant's motion for leave to

file a successive petition, which was filed subsequent to the February 23, 2016, order, and which is described *supra*, did not add anything valuable to the discussion of cause and prejudice.

¶ 25                                                       CONCLUSION

¶ 26     In his successive petition for postconviction relief, the defendant presented a variety of claims, including a claim of actual innocence based on newly discovered evidence. However, the defendant did not support the actual-innocence claim with any evidence and therefore, as a matter of law, no colorable claim of actual innocence was made. As for all the other claims presented in the successive petition, the defendant failed to satisfy the cause-and-prejudice test. Any argument to the contrary would lack merit. Accordingly, OSAD's *Finley* motion for leave to withdraw as the defendant's counsel on appeal is granted, and the judgment of the circuit court, denying the defendant leave to file a successive postconviction petition, is granted.

¶ 27     Motion granted; judgment affirmed.